J. S44006/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MIGUEL RUSSI, | : | No. 3587 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, October 29, 2013,
in the Court of Common Pleas of Chester County
Criminal Division at Nos. CP-15-CR-0003479-2012,
CP-15-CR-0003768-2012

BEFORE: FORD ELLIOTT, P.J.E., STABILE AND MUSMANNO, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED SEPTEMBER 20, 2016**

Miguel Russi appeals from the judgment of sentence entered in the Court of Common Pleas of Chester County on October 29, 2013, after appellant entered a hybrid guilty plea to two counts of robbery and two counts of criminal conspiracy.[1] The court sentenced appellant to 25 to 50 years of incarceration. After careful review, we affirm.

The record reflects that appellant and his co-defendant, Carolyn Delgado, engaged in a robbery spree in the late summer of 2012 that spanned 43 days and involved four victims. During this crime spree, appellant and his co-defendant lured vulnerable individuals into their vehicle and took them to remote locations at which time they either threatened

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii) and 903(c), respectively.

them with, or put them in fear of, immediate bodily injury. All of the victims preyed upon by appellant and his co-defendant were of Hispanic descent and spoke very little English.

The first victim was 61 years old. Once appellant and his cohort lured this victim to a farm, they showed the victim a knife, punched the victim in the face, and demanded money. The victim was pepper sprayed, and appellant stole $100 from the victim, as well as his wristwatch. Appellant then pushed the victim out of the vehicle and onto the road and sped away.

The second victim was 77 years old and visually and hearing impaired. Appellant and his co-defendant lured the victim into their truck and drove to an isolated area where they robbed the victim of $95. Appellant and co-defendant did not need to use much force to overcome the physically disabled victim.

The third victim was 56 years old when appellant and co-defendant lured him into their truck. The duo transported the victim to a local baseball field where they put a knife to the victim's neck and punched the victim in the face. Appellant then took a lighter, lit it, and held the flame right next to the victim's head. Appellant went on to tie the victim's hands and stole $300 from his pockets before pushing the victim out of the vehicle and onto the baseball field.

Appellant and his co-defendant lured the fourth and final victim into appellant's truck by asking for directions to a nearby farm. After driving the

27-year-old victim to a secluded cornfield, appellant and co-defendant announced the robbery. Appellant held a screwdriver to the victim's back while his co-defendant held a sharp object to the victim's neck. Appellant and his cohort stole $200 from the victim, along with 2 SD cards and cigarettes. Appellant's co-defendant cut the victim's neck with a knife. The duo left the victim in the cornfield and warned him not to go to the police.

The trial court summarized the complex procedural history as follows:

> Before the Court is [appellant's] direct appeal from the Judgment of Sentence imposed on October 29, 2013 following his entry of a hybrid guilty plea that day. Originally, after [appellant] had been sentenced, [appellant] did not take a timely appeal. Instead, on April 17, 2014, [appellant] filed a PCRA Petition, claiming in part that his plea counsel had improperly failed to take a requested direct appeal, advising [appellant] by letter that his direct appeal period had expired, when in fact it was still extant. Although we initially denied [appellant]'s PCRA Petition, upon further review in preparation for the appeal [appellant] took from that decision, we discovered plea counsel's letter and our error in denying [appellant]'s first PCRA Petition became apparent. We advised this Honorable reviewing Court that [appellant's] PCRA appeal had merit accordingly. On July 28, 2015, this Honorable reviewing Court vacated our Order dismissing [appellant]'s first PCRA Petition and remanded for further proceedings.
>
> By Order dated August 6, 2015 we appointed new PCRA Counsel, Stuart R. Crichton, Esquire, for [appellant] and directed Attorney Crichton to file an Amended PCRA Petition raising, at the very least, the issue concerning plea counsel's failure to perfect a requested direct appeal on behalf of [appellant].

On September 18, 2015 Attorney Crichton filed an Amended PCRA Petition on [appellant's] behalf complying with the directive in our August 6, 2015 Order. Specifically, Attorney Crichton challenged plea counsel's stewardship for failing to file the requested direct appeal and for allegedly advising [appellant] to accept the plea because, if he pled, he would not receive a minimum sentence of twenty-five (25) years.

On September 23, 2015 we scheduled an evidentiary hearing on [appellant's] PCRA Petition. Prior to the hearing, the parties reached an agreement concerning the claims raised in [appellant's] PCRA Petition. By Order dated October 29, 2015, upon the agreement of the parties, this Court granted [appellant's] request for the reinstatement of [appellant's] direct appeal rights **nunc pro tunc**. We directed new PCRA Counsel to file a Notice of Appeal to the Superior Court of Pennsylvania within thirty (30) days of the date of that Order. Again, by agreement of the parties, all other claims in [appellant's] PCRA Petition were dismissed without prejudice. Attorney Crichton timely complied with our directive, filing [appellant]'s Notice of Appeal on November 24, 2015. Thus, [appellant's] direct appeal is timely.

Trial court opinion, 1/19/16 at 1-2.

Appellant raises the following issue for our review:

I.    Whether there was an abuse of discretion when the sentencing court imposed an aggregate sentence of 25 years to 50 years?

Our standard of review on this issue is well settled:

[T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that

the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

***Commonwealth v. Moury***, 992 A.2d 162, 169-170 (Pa.Super. 2010)

(citations omitted).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra,*** [752 A.2d 910, 912 (Pa.Super. 2000)]. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Moury***, 992 A.2d at 170 (citation omitted).

Here, the record reveals that the trial court reinstated appellant's direct appeal rights **nunc pro tunc** and appellant then filed a timely notice of appeal. The record further reflects that appellant properly preserved his issue in a timely motion to modify sentence. Additionally, appellant included a Pa.R.A.P. 2119(f) statement in his brief. Therefore, we must now determine whether appellant raises a substantial question.

We determine whether an appellant raises a substantial question on a case-by-case basis. **Commonwealth v. Swope**, 123 A.3d 333, 338 (Pa.Super. 2015) (citation omitted). "A substantial question exists only when an appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Id.** (citation omitted).

> In determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

**Id.** at 340 (citation omitted).

> A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only

- 6 -

> the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.
>
> To make it clear, a defendant **may** raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

*Id.* at 338 (citation omitted; internal citations and quotation marks omitted; emphasis in original).

"In our view, the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa.Super. 2011), quoting *Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa.Super. 2010).

Here, the trial court imposed consecutive, standard range sentences for all the charges to which appellant pled guilty. Appellant complains that the sentence was unreasonable and excessive because "he is presently 54 years old and won't be eligible for parole until he is well into his 70's." (Appellant's brief at 10.) Appellant goes on to complain that although he "is not trying to minimize the facts of this case, as they are very serious, however, the fact is that [a]ppellant will likely be incarcerated on this

sentence for the rest of his remaining life." (*Id.*) Appellant's direct sentencing complaint focuses on his age, and not his criminal conduct.

Initially, we note that the trial court sentenced appellant consecutively because the victims were vulnerable and suffered psychological trauma; appellant's crimes were violent, predatory, and repetitive; and appellant's likelihood for rehabilitation is poor. (Notes of testimony, 10/29/13 at 74-76.) We find no abuse of discretion. Additionally, the gravamen of appellant's complaint is that the sentence was excessive because of appellant's age when it was imposed. Just as we have noted that an appellant is not entitled to a "volume discount"[2] when a court imposes consecutive sentences for multiple crimes, we note that appellant is not entitled to a "seasonal discount" when he commits his crimes in the autumn of his life. Thus, we conclude that the trial court's imposition of consecutive sentences does not present a substantial question for our review.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/20/2016

---

[2] *See Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa.Super. 1995) (noting that a defendant is not entitled to a "volume discount" for multiple crimes by having all sentences run concurrently).