665 A.2d 1212

COMMONWEALTH of Pennsylvania

v.

Steven Anthony HOAG, Appellant.

Superior Court of Pennsylvania.

Submitted July 24, 1995.

Filed Sept. 27, 1995.

456

Joseph P. Burt, Public Defender, Erie, for appellant.

Matthew R. Hayes, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before McEWEN, TAMILIA and OLSZEWSKI, JJ.

OLSZEWSKI, Judge.

On December 28, 1994, following a plea colloquy, appellant Steven A. Hoag pleaded guilty to the following crimes: unlawful delivery of .25 grams of cocaine, unlawful delivery of 6.12 grams of cocaine and conspiracy to deliver the same, unlawful delivery of 12.8 grams of cocaine,[1] and hindering apprehension.[2] Hoag now appeals only the judgment of sentence arising out of the sale of the .25 grams of cocaine, based upon the single theory that the sentence imposed is excessive. We disagree, and affirm.

Hoag negotiated the following plea agreement with the Commonwealth: in exchange for four guilty pleas, the District Attorney's office recommended that Hoag receive the statutory minimum sentences for his having sold 6.12 and 12.8 grams of cocaine. Furthermore, these two sentences were to be served concurrently. While not bound by the plea agreement, the Honorable Stephanie Domitrovich noted and abided by the Commonwealth's recommendations in sentencing Hoag. N.T.

---

1. Hoag violated 35 P.S. § 780–113(a)(30) when, on three separate occasions, he sold cocaine to Pennsylvania State Trooper Tracey McCracken.

2. Hoag pleaded guilty to violating 18 Pa.C.S.A. § 5105 for helping to conceal a robbery suspect on July 28, 1993.

1/23/95 at 13. Hoag received a sentence of one-to-three and six-to-three years incarceration, to be served concurrently, for the larger sales. No sentence was agreed upon for the relatively small sale of .25 grams. For this crime, Judge Domitrovich additionally imposed a consecutive term of three-to-six years imprisonment.

Hoag now argues that this last sentence was excessive because the sentencing court failed to suitably tailor the sentence to this case by not adequately considering mitigating circumstances, the circumstances of the crime, or public policy; imposed a sentence disproportionate to the ones imposed for the other drug-related crimes; imposed a manifestly excessive sentence, especially in light of the fact that it is to be served consecutively to the other sentences; and did not impose a minimum sentence consistent with sentencing guidelines.

These arguments address the discretionary aspects of sentence. *See Commonwealth v. McKiel,* 427 Pa.Super. 561, 629 A.2d 1012 (1993) (stating that a sentence is manifestly excessive challenges the sentencing court's discretion). The right to appeal the discretionary aspects of sentence is not absolute; such an appeal is instead considered to be a petition for permission to appeal. *Id.* at 563–64, 629 A.2d at 1013. Since appellate review of sentence is not a matter of right, it will only be entertained where this court is convinced that a substantial question exists that the sentence imposed is not appropriate under the Sentencing Code. *Commonwealth v. Urrutia,* 439 Pa.Super. 227, 653 A.2d 706 (1995).

"An allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate. Such a challenge goes to the weight accorded the evidence and will not be considered absent extraordinary circumstances." *Id.* at 236, 653 A.2d at 710 (citations omitted). Claiming that a sentence is too severe because the others imposed were so slight is a novel argument, but it hardly qualifies as an extraordinary circumstance meriting our re-

view. Just because fortune smiled once upon appellant does not mean that he now has a vested interest in forever-more being the recipient of the Commonwealth's munificence.

■■■ In addition to rejecting appellant's claim that the sentencing court failed to properly consider certain factors, we similarly find meritless his claim that the sentence was manifestly excessive. Sentencing is within the sound discretion of the sentencing judge, and his or her decision will not be disturbed absent a manifest abuse of discretion. *McKiel*, 427 Pa.Super. at 563–64, 629 A.2d at 1013; *Commonwealth v. Jones*, 418 Pa.Super. 93, 101, 613 A.2d 587, 591 (1992) (*en banc*), *allocatur denied*, 535 Pa. 615, 629 A.2d 1377 (1993). "To constitute an abuse of discretion, the sentence imposed must either exceed the statutory limits or be manifestly excessive." *Commonwealth v. Gaddis*, 432 Pa.Super. 523, 536, 639 A.2d 462, 469 (citations omitted), *allocatur denied*, 538 Pa. 665, 649 A.2d 668 (1994). Hoag does not contend that his sentence exceeds the statutory limits. In fact, he concedes that it is within the standard guideline range. Appellant's brief at 11. It is the fact that this sentence is to run consecutively to the others imposed for drug-related offenses that, in Hoag's view, makes the sentence excessive.

■■■ "The general rule in Pennsylvania is that in imposing a sentence the court has discretion to determine whether to make it concurrent with or consecutive to other sentences then being imposed or other sentences previously imposed." *Commonwealth v. Graham*, 541 Pa. 173, 184, 661 A.2d 1367, 1373 (1995) (citation omitted). A challenge to the court's imposing consecutive rather than concurrent sentences, however, does not present a substantial question regarding the discretionary aspects of sentence. *Gaddis*, 432 Pa.Super. at 536, 639 A.2d at 469–470. We see no reason why Hoag should be afforded a "volume discount" for his crimes by having all sentences run concurrently. *Cf. Commonwealth v. Anderson*, 538 Pa. 574, 579, 650 A.2d 20, 22 (1994) (raising a concern that defendants not be given "volume discounts" for multiple criminal acts that arose out of one larger criminal transaction).

Hoag also claims that the sentencing court must impose the minimum punishment consistent with the goals of sentencing. Appellant's brief at 15. In 1978, the legislature deleted language from the Sentencing Code which stated that "the sentence imposed should call for a minimum amount of confinement that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721 Historical Note. We have since held, however, that imposing the minimum sentence consistent with the legislative aims of sentencing is a guiding principle for the court. *Commonwealth v. Martin*, 416 Pa.Super. 507, 611 A.2d 731 (1992). Nevertheless, it is only when the court goes outside the guideline ranges of the Sentencing Code do we presume that the sentence imposed is not the minimum sentence recommended by statute. *See id.* at 517, 611 A.2d at 736 ("[T]he court is guided by the general principle that the sentence imposed should be the minimum sentence consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. However, if a sentencing judge elects to go outside of the guideline ranges, he or she is required to set forth on the record the reasons for so doing." (citations omitted)). The recommended ranges within the sentencing guidelines are minimum sentences consistent with the requirements and concerns of the Commonwealth, victims, and defendant. Here the sentencing court did consider the particular attendant factors, the concerns of the citizenry, and Hoag's needs when it fashioned a suitable sentence tailored to this case. N.T. 1/23/95 at 12 (taking into account Hoag's age, the facts and circumstances of the offense, Hoag's character and rehabilitative needs, and the need to protect society).

In sum, we find that the argument that the sentencing court imposed sentence without due regard to various important factors fails to raise a substantial question, and the claim that the sentence is manifestly excessive is utterly devoid of merit.

Accordingly, judgment of sentence is affirmed.

McEWEN, J., concurs in the result.