J-S62038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MIKAIL TALIB HANDY | |
| Appellant | No. 1 MDA 2016 |

Appeal from the Judgment of Sentence August 25, 2015
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0002025-2014

BEFORE: GANTMAN, P.J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED AUGUST 18, 2016**

Appellant, Mikail Talib Handy, appeals from the judgment of sentence entered in the Lycoming County Court of Common Pleas, following his jury trial convictions of possession with intent to deliver ("PWID"), delivery of a controlled substance, simple possession, and criminal use of communication facility.[1] We affirm.

The relevant facts and procedural history of this case are as follows. On August 8, 2014, a confidential informant ("CI") used a cell phone to arrange a purchase of cocaine. A state trooper drove the CI in an unmarked vehicle to a rendezvous point and provided the CI with $200.00 cash. The CI subsequently exited the vehicle and entered a white Chevrolet Impala

---

[1] 35 P.S. §§ 780-113(a)(30), (a)(16); 18 Pa.C.S.A. § 7512(a), respectively.

with tinted windows driven by Appellant. After a few minutes, the CI emerged from the Impala and handed cocaine to the police. The CI later identified Appellant by photo array as the driver of the Impala and the person who had sold her the cocaine. On October 25, 2014, police arrested Appellant with $644.00 in cash, a Chevrolet key fob, and two cell phones; one of the cell phone numbers matched the number the CI had used to arrange the drug purchase.

On June 2, 2015, a jury convicted Appellant of PWID, delivery of a controlled substance, simple possession, and criminal use of communication facility. The trial court sentenced Appellant on August 25, 2015, to an aggregate term of eighteen (18) months' to five (5) years' incarceration. On September 2, 2015, Appellant, with new counsel, filed a motion for extension of time to file a post-sentence motion, which the court granted. On October 13, 2015, Appellant timely filed a post-sentence motion. The court denied Appellant's post-sentence motion on December 3, 2015. Appellant timely filed a notice of appeal on December 30, 2015. On January 4, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant timely complied on January 21, 2016.

Appellant raises the following issues on appeal:

> THE VERDICT IS AGAINST THE WEIGHT OF THE EVIDENCE BECAUSE THE COMMONWEALTH'S EVIDENCE DID NOT IDENTIFY...APPELLANT AS THE ACTOR.

> THE EVIDENCE SUBMITTED AT…APPELLANT'S TRIAL IN THIS MATTER WAS INSUFFICIENT TO MEET THE COMMONWEALTH'S BURDEN OF PROVING THAT…APPELLANT WAS THE ACTOR FOR EACH OFFENSE CHARGED IN THE INFORMATION BEYOND A REASONABLE DOUBT.

(Appellant's Brief at 7).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Dudley N. Anderson, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed December 3, 2015, at 1-4) (finding: **(1)** to extent Appellant attempted to impeach CI's testimony, that testimony was corroborated by other witnesses; guilty verdict was not contrary to evidence and did not shock one's sense of justice; **(2)** Commonwealth presented audio recordings and testimony of CI, four state troopers, and one city police officer; CI testified that she arranged over phone conversation to buy cocaine from Appellant, police drove CI in unmarked vehicle to meeting location, she met with Appellant in white Chevrolet Impala, and she purchased cocaine from Appellant; state trooper who transported CI confirmed CI's story, and also testified that CI identified Appellant in photo array; second state trooper in backseat of police vehicle confirmed CI's story; third trooper testified that while he was surveilling residence, he observed Appellant leave residence and drive away in white Chevrolet Impala minutes before drug transaction occurred; fourth trooper

testified that on date of incident, he followed white Chevrolet Impala and subsequently observed Appellant exit vehicle; city police officer testified that Appellant possessed two cell phones and $644.00 in cash at time of arrest; prison audio recordings of Appellant after his arrest revealed he told his fiancée he had been "hustling"; another witness explained "hustling" meant selling drugs; evidence was sufficient to sustain all of Appellant's convictions). Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2016

IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA : NO. CR – 2025 - 2014

vs.

MIKAIL HANDY,
Defendant

<u>OPINION IN SUPPORT OF ORDER OF DECEMBER 3, 2015,
IN COMPLIANCE WITH RULE 1925(A) OF
THE RULES OF APPELLATE PROCEDURE</u>

In response to Defendant's Statement of Matters Complained of on Appeal, filed January 21, 2016, as the issues raised therein are those which were raised in Defendant's Post-Sentence Motion, the Court chooses to rely on the Opinion and Order entered in disposing of that motion, dated December 3, 2015.

Dated: 2 - 1 - 16

Respectfully submitted,

Dudley N. Anderson, Judge

cc: District Attorney
PD
Hon. Dudley N. Anderson

IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA     : NO. CR – 2025 – 2014

          vs.                    : CRIMINAL DIVISION

                                     :

MIKAIL HANDY,                    :
          Defendant           : Post-Sentence Motion

## _OPINION AND ORDER_

Before the Court is Defendant's Post-Sentence Motion, filed October 13, 2015. Argument was scheduled for November 17, 2015, but just prior to the time for argument, counsel agreed to have the court rule on the motion based on the motion only.

After a jury trial on June 2, 2015, Defendant was convicted of one count each of possession with intent to deliver crack cocaine, delivery of crack cocaine, possession of crack cocaine and criminal use of a communication facility. On August 25, 2015, Defendant was sentenced to 18 months to five years incarceration for possession with intent to deliver, and a concurrent term of 6 months to two years incarceration for criminal use of a communication facility. The other two charges were held to merge for sentencing purposes. In his Post-Sentence Motion, Defendant contends there was insufficient evidence to support the verdict, that the verdict was against the weight of the evidence, and that the sentence was excessive.

In addressing a challenge to the sufficiency of the evidence, the court is to view all of the evidence admitted at trial in the light most favorable to the Commonwealth as verdict winner, and the verdict will be upheld if there is sufficient evidence to enable the fact-finder to find every element of the crimes



charged beyond a reasonable doubt. Commonwealth v. Adams, 882 A.2d 496 (Pa Super. 2005). A "weight of the evidence" claim contends the verdict is a product of speculation or conjecture, and requires a new trial only when the verdict is so contrary to the evidence as to shock one's sense of justice. Commonwealth v. Dougherty, 679 A.2d 779 (Pa. Super. 1996).

At trial, the Commonwealth presented the testimony of a confidential informant, four state troopers and a city police officer, as well as audio recordings of two conversations Defendant had while in the county prison after his arrest.

The confidential informant testified that on August 8, 2014, she arranged over the telephone to buy cocaine from a certain person, that a state trooper transported her that day to the proposed location and provided her with buy money, that she met with someone in a white Chevy Impala (identified by her at trial to be the defendant), provided him with the money and received from him two bags of crack cocaine, and then returned to the trooper's vehicle and provided him with the drugs.

The trooper who transported the informant to the buy location confirmed the informant's testimony regarding having transported her that date and provided her with buy money, and testified further that he observed her getting into the white Chevy Impala, and then observed her returning to his vehicle and that she then provided him with two bags of crack cocaine. He also testified that when he presented her with a photo array about a month later, she identified the defendant as the person who had sold her the drugs on that date.

A second trooper testified that he had been in the back seat of the vehicle which transported the informant to the buy location on the date on question, that he observed a white Chevy Impala, observed the informant get into the Impala,

2

observed the vehicle drive away and then seconds later, observed the informant return to the car and turn over the drugs she had purchased.

A third trooper testified that he had been surveilling a certain residence on the date in question, that he observed the defendant go into and out of that residence and then drive away in a white Chevy Impala, and that within three to four minutes thereafter he was informed by the trooper involved in the controlled buy that he and the informant were meeting with the person in that vehicle.

A fourth trooper testified that on the date in question he observed the white Chevy Impala and then followed it and observed the informant get out of the Impala and walk toward the trooper's vehicle.

A city police officer testified that he arrested Defendant based on the arrest warrant issued by the State Police, and that at the time of arrest, Defendant had on his person two cell phones and $644 in cash. One of the cell phones had the same number that had been used by the informant to contact the person from whom she purchased the cocaine on August 8, 2014.

The audio recordings of two conversations Defendant had while in the county prison after his arrest evidenced Defendant's statement to his fiancé that he had been "hustling", which was explained by another witness to refer to selling drugs.

Considering all of this evidence, the court finds there is sufficient evidence of each of the elements of all of the crimes charged to support the jury's findings of guilt: Defendant possessed crack cocaine with the intent to deliver it, he did deliver it, and he used a cell phone to arrange the delivery.

With respect to Defendant's claim that the verdict was against the weight of the evidence, while defense counsel did attempt to raise an issue respecting the

3

identity of the person from whom the informant purchased the cocaine, and also attempted to impeach the informant's credibility by pointing out that she was testifying for the Commonwealth in exchange for leniency with respect to outstanding charges against her, and by highlighting her prior crimes of dishonesty, as the informant's testimony was corroborated by others, the verdict is not contrary to the evidence and certainly does not shock one's sense of justice.

Finally, to address the claim that the sentence of 18 months to five years is excessive,[1] the court is guided by the general principle that the sentence imposed should be the minimum sentence consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. See Commonwealth v. Hoag, 665 A.2d 1212 (Pa. Super. 1995). In this case, the standard range for the offense, based on Defendant's prior record score of "5", is 12 to 18 months. The court sentenced Defendant to the top of the standard range based on the fact that he had three previous felony drug convictions and thus a lighter sentence would not serve to protect the public; it appears that Defendant will simply continue to sell drugs once he is released based on his history. Further, Defendant's conviction now, following those previous convictions, indicates that any rehabilitative efforts have failed and would at this time serve no purpose. Considering all the circumstances, the court believes the sentence imposed was not excessive.

---

[1] The court will consider only this portion of the sentence as the other portion, the sentence of six months to two years, is to run concurrent, and Defendant did not specify which of the two sentences he is addressing by his motion. Therefore, the longer sentence will be considered as being the subject of the motion.

## ***ORDER***

AND NOW, this 3ᴵᴸ day of December 2015, for the foregoing reasons, Defendant's Post-Sentence Motion is hereby DENIED.

BY THE COURT,

Dudley N. Anderson, Judge

cc: DA
PD
Gary Weber, Esq.
Hon. Dudley Anderson

5