J. S25041/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                        :         PENNSYLVANIA
            v.          :
                        :
DAVID HARRINGTON,            :      No. 2211 EDA 2015
                        :
           Appellant    :

Appeal from the Judgment of Sentence, June 12, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0007927-2014,
CP-51-CR-0007928-2014

BEFORE:  BENDER, P.J.E., RANSOM, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED MAY 15, 2017**

David Harrington appeals from the June 12, 2015 judgment of sentence entered in the Court of Common Pleas of Philadelphia County after he pled guilty to 2 counts of criminal attempt -- murder; 2 counts of aggravated assault; 2 counts of possessing an instrument of crime ("PIC"); 1 count of unlawful restraint; 3 violations of the Uniform Firearms Act ("VUFA"); and 1 count of terroristic threats.[1] The sentencing court imposed consecutive sentences of 12½ to 25 years of imprisonment on each attempted-murder conviction. The sentencing court merged one of the PIC counts into the other and imposed 2½ to 5 years of incarceration to run

---

[1] 18 Pa.C.S.A. §§ 901(a), 2702(a), 907(a), 2902(a)(1), 6105(a)(1), 6106(a)(1), 6108, and 2706(a)(1).

concurrent to the attempted-murder sentences. It imposed a concurrent sentence of 5 to 10 years of incarceration on one VUFA count. The sentencing court also imposed 1 to 2 years of imprisonment on the unlawful-restraint conviction to run consecutive to the attempted-murder sentences. It imposed no further penalty on the remaining counts. The sentencing court, therefore, imposed an aggregate sentence of 26 to 52 years of imprisonment. We affirm.

The record reflects that on May 14, 2014, at approximately 11:30 p.m. to 11:45 p.m., appellant was at home with his then-wife, Michelle Harrington, who was allegedly having an affair with Derrick Morris. (Notes of testimony, 4/10/15 at 6-7.) At that time, appellant asked Ms. Harrington to make him a sandwich. (Notes of testimony, 6/12/15 at 12-13.) As she went to make the sandwich, appellant pulled out a gun and forced Ms. Harrington to go to the basement with him. (Notes of testimony, 4/10/15 at 7; 6/12/15 at 13.) Once in the basement, appellant instructed the victim to chain her leg to a pipe. (Notes of testimony, 6/12/15 at 13.) Appellant then went upstairs with the victim's cellphone. (*Id.* at 14.) When he returned to the basement, appellant shot his then-wife three times in the face. (Notes of testimony, 4/10/15 at 7.) According to the Commonwealth, appellant then went back upstairs and instructed two of his children, then ages 13 and 15, to go to a neighbor's home. (Notes of testimony, 4/10/15

at 7.) Appellant then returned to the basement and shot Ms. Harrington two times in the chest.[2]

After shooting his then-wife 5 times, appellant left his home and drove to Derrick Morris's home. Appellant shot Mr. Morris one time in the left eye. (*Id.*) After shooting Mr. Morris, appellant drove to a bridge in West Philadelphia and discarded the gun. (*Id.*) Shortly thereafter, appellant drove to the police station, turned himself in, and gave a full statement. (*Id.* at 8).

The record further reflects that both victims survived. Ms. Harrington sustained a gunshot wound between her eyes, a gunshot wound to the left temple, and a gunshot wound to the right temple. (*Id.*) A bullet fragment remains between her eyes. She also sustained two gunshot wounds to her chest area. Additionally, Ms. Harrington sustained multiple fractures to her face, collar bone, and chest area. Mr. Morris sustained a gunshot wound to the left eye that necessitated a cornea replacement. (*Id.*)

Appellant raises the following issues for our review:

> 1. Did the sentencing court err and abuse its discretion when it imposed a sentence on [appellant] without adequately considering his rehabilitative needs in the context of his tortured mental health history, in violation of 42 Pa.C.S.A. § 9721(b)?

---

[2] The record reflects that at the guilty-plea hearing, appellant denied that he left the basement and then returned to shoot his wife two more times. (Notes of testimony, 4/10/15 at 9.)

> 2. Did the sentencing court impose a sentence that was contrary to the fundamental norms underlying the sentencing process because it was a *de facto* sentence of life imprisonment?

Appellant's brief at 4.

Appellant challenges the discretionary aspects of his sentence.

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

*Commonwealth v. Moury*, 992 A.2d 162, 169-170 (Pa.Super. 2010)

(citation omitted; brackets in original).

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, [752 A.2d 910, 912 (Pa.Super. 2000)]. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (citation omitted; brackets in original).

Here, the record reflects that appellant filed a timely notice of appeal and included a Pa.R.A.P. 2119(f) statement in his brief. Although appellant filed a timely post-sentence motion for arrest of judgment, judgment of acquittal, and modification of sentence, the Commonwealth contends that appellant failed to preserve his first challenge, which is that the sentencing court failed to adequately consider appellant's rehabilitative needs in the context of his mental health history.

In his post-sentence motion, appellant admits that the sentencing court "did to some degree take into account [appellant's] rehabilitative needs and mitigating circumstances[,]" but complains that it "nonetheless imposed an excessive maximum sentence that will certainly outlast [appellant's] natural lifespan" and "even the minimum sentence of 26 years will likely extend beyond [appellant's] lifespan." (Post-sentence motion for arrest of judgment, judgment of acquittal, and modification of sentence,

6/22/15 at ¶ 10.) Appellant then concedes that "the [sentencing c]ourt did take into consideration [appellant's] mental health needs and other mitigating factors," but complains that the "sentence did not allow for the possibility that with appropriate mental health treatment[, appellant] might succeed at rehabilitation after serving a substantial term of incarceration that would still be shorter than a life sentence." (*Id.* at ¶ 15.) Appellant then sets forth the gravamen of his sentencing challenge, which is that the sentencing court imposed "what is functionally a life sentence, and a sentence that affords no possibility for rehabilitation or parole" which, appellant contends, "is contrary to the fundamental norms underlying the sentencing process and is manifestly unreasonable." (*Id.* at ¶ 16.) Therefore, the sentencing challenge that appellant preserved in his post-sentence motion is that the sentencing court imposed an excessive sentence in light of appellant's age. Consequently, we must determine whether that claim raises a substantial question.

We determine whether an appellant raises a substantial question on a case-by-case basis. ***Commonwealth v. Swope***, 123 A.3d 333, 338 (Pa.Super. 2015) (citation omitted). "A substantial question exists only when an appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id.*** (citation omitted).

> In determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

*Id.* at 340 (citation omitted).

Before we determine whether appellant raises a substantial question, we again note that the sentencing court imposed a 12½ to 25-year sentence for each attempted-murder conviction, which was below the mitigating range of 16½ to 33 years for each of those crimes. In reviewing a sentence on appeal, the appellate court:

> shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>
> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases[,] the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781.

Therefore, momentarily setting aside the substantial-question determination, we note that because appellant's sentence fell outside the guidelines range, neither Subsection (1) nor (2) of Section 9781 would apply. As such, for this court to vacate and remand, we would be required to find that "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S.A. § 9781(3). In this case, appellant's sentence fell outside the guidelines because it was below the mitigating range. Therefore, it is implausible that a sentence that falls outside the guidelines because it is below the mitigating range could be "unreasonable."

Even though appellant's sentence fell below the mitigating range, appellant nevertheless complains that his sentence is manifestly unreasonable because it was imposed when he was 52 years old and it consisted of consecutive sentences that resulted in an aggregate sentence of 26 to 52 years, which, consequently, because of his age, constitutes a life sentence. Just as we have noted that an appellant is not entitled to a volume discount when a court imposes consecutive sentences for multiple crimes,[3] we note that an appellant is not entitled to a seasonal discount when he commits his crimes in the autumn of his life.

---

[3] **See Commonwealth v. Hoag**, 665 A.2d 1212, 1214 (Pa.Super. 1995) (noting that a defendant is not entitled to a "volume discount" for multiple crimes by having all sentences run concurrently).

Therefore, because appellant has advanced no plausible argument as to why his sentence is unreasonable considering the nature of his crimes and the fact that his sentence fell below the mitigating range, appellant has failed to raise a substantial question for our review.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/2017