J-S76004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICKY RIDELL WASHINGTON | : | |
| | : | No. 972 EDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence November 28, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0001193-2016

BEFORE:   PANELLA, J., STABILE, J., and PLATT*, J.

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 28, 2018**

Ricky Washington challenges the sentence he received after pleading guilty to, among other charges, attempting to elude a police officer. He contends the 1 to 3 year sentence of imprisonment, to be run consecutively to his 8½ to 17 year sentence imposed on the same date for violently beating his cousin and her friend, was an abuse of the sentencing court's discretion. We affirm.

Washington admitted to the following facts as the basis for his guilty plea. **See** N.T., 1/13/16, at 41. Washington was driving with a suspended license. **See id**., at 38. Officer Kenneth Michels's license plate reader alerted

_____

* Retired Senior Judge assigned to the Superior Court.

him that Washington was the subject of an outstanding arrest warrant for aggravated assault and parole violations. *See id*.

Officer Michels attempted to pull Washington over, but Washington increased his speed. *See id*., at 38-39. Washington proceeded to drive recklessly at a high rate of speed through streets busy with pedestrian and vehicle traffic. *See id*., at 39. Ultimately, Washington abandoned his vehicle and attempted to flee on foot. *See id*. When he was arrested, Washington admitted to fleeing because he was aware of an open arrest warrant. *See id*.

Washington concedes his sole issue on appeal is a challenge to discretionary aspects of his sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Washington filed a timely appeal, and he preserved his issue through a post-sentence motion. He argues the consecutive nature of the sentence for fleeing arrest when added to sentence imposed for the underlying aggravated assault results in an excessive aggregate sentence. He believes the court imposed consecutive sentences because it failed to properly weigh mitigating factors such as his difficult childhood and substance abuse issues. He concedes the sentence imposed is within the standard range of the sentencing guidelines. *See* Appellant's Brief, at 15.

"Although Pennsylvania's system stands for individualized sentencing, the court is not required to impose the 'minimum possible' confinement." ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010) (citation omitted). "Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question." ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013) (citations omitted). ***See also*** 42 Pa.C.S.A. § 9721(a); ***Commonwealth v. Hoag***, 665 A.2d 1212, 1214 (Pa. Super. 1995) (stating an appellant is not entitled to a "volume discount" for his crimes by having all sentences run concurrently). "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes

and the length of imprisonment." ***Moury***, 992 A.2d at 171-72 (citation omitted).

We do not find that an "extreme circumstance" is present here. Washington's individual sentences are reasonable. And his aggregate sentence of 9½ to 20 years is not unduly harsh, given the flagrant disregard for the rights of others Washington exhibited in the high speed chase. Thus, regardless of his substantive arguments on the issue, Washington has failed to present a substantial question for our review.

Even if we had reached the substance of his arguments, we would find no abuse of the court's discretion. Washington pled guilty to recklessly leading police officers on high-speed chase through crowded city streets to avoid arrest. When combined with the violent crimes on which the jury convicted him in the related matter, it is clear the safety of the public required a lengthy term of incarceration.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/18