J-A07015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                    :           PENNSYLVANIA
                                                    :
          v.                                 :
                                                    :
RAFAEL MUESES POPOTE              :
                                                      :
             Appellant           :    No. 471 MDA 2017

Appeal from the Judgment of Sentence February 17, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004731-2015

BEFORE: PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY PANELLA, J.          **FILED: NOVEMBER 7, 2018**

A jury convicted Appellant, Rafael Mueses Popote, of 105 crimes based on evidence of his participation in a large-scale cocaine trafficking scheme. The court sentenced him to an aggregate term of imprisonment of 26 to 55 years, followed by 22 years of probation. He contends the Commonwealth failed to present sufficient evidence that he ever possessed cocaine, and that the court abused its discretion in imposing an excessive sentence. We affirm.

Popote first purports to argue the evidence was insufficient to support his convictions. However, a close review of his argument reveals it is a challenge to the weight of the evidence supporting his convictions. **See**, *e.g.*, Appellant's Brief, at 11 (citing a weight of the evidence standard, "shock one's

_____

* Former Justice specially assigned to the Superior Court.

sense of justice," as applicable), 14 (arguing that his co-conspirators were "inherently untrustworthy"). These issues are distinct. In fact, a challenge to the weight of the evidence *concedes* the sufficiency of the evidence. **See Commonwealth v. Kinney**, 157 A.3d 968, 971 (Pa. 2017). Thus, the two arguments cannot be merged into one.

Unfortunately, Popote has failed to preserve his challenge to the weight of the evidence. While he challenged the weight of the evidence in his post-sentence motion, he did not list this issue in his *nunc pro tunc* statement of matters complained of on appeal. Instead, he challenged the sufficiency of the evidence to support his convictions. His challenge to the weight of the evidence is therefore waived. **See id**., at 972.

Even if we were treat this argument as a sufficiency claim, Popote would be due no relief. As noted, he argues that "as a matter of law, uncorroborated, unreliable and non-specific statements made by [Popote] to other alleged co-conspirators during the course of drug transactions do not bear sufficient indicia of reliability and are legally insufficient to establish relevant conduct." Appellant's Brief, at 14. However, when reviewing the sufficiency of the evidence presented, we must remain cognizant that "the trier of fact … is free to believe all, part or none of the evidence," and we must "give the prosecution the benefit of all reasonable inferences to be drawn from the evidence." **Commonwealth v. Ovalles**, 144 A.3d 957, 969 (Pa. Super. 2016) (citation omitted). Popote concedes that his alleged co-conspirators testified that they

- 2 -

were engaged in a conspiracy with Popote to sell cocaine. **See** Appellant's Brief, at 7-8. This testimony is legally sufficient to support his convictions.

In his second and final issue, Popote claims the court abused its discretion by imposing an excessive aggregate sentence. As Popote concedes, this issue raises a challenge to the discretionary aspects of his sentence.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). "Two requirements must be met before we will review this challenge on its merits." **Id**. (citation omitted).

"First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." **Id**. (citation omitted). **See also** Pa.R.A.P. 2119(f). "Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." **Id**. (citation omitted). That is, "the sentence violated either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." **Commonwealth v. Tirado**, 870 A.2d 362, 365 (Pa. Super. 2005) (citation omitted).

We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. **See id**. "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the

appeal, which are necessary only to decide the appeal on the merits." *Id*. (citation omitted). Here, Popote has preserved his arguments through a post-sentence motion and his appellate brief contains the requisite Rule 2119(f) concise statement.

Popote claims the sentence imposed by the court was excessive, as the court ran the sentences consecutively, as opposed to concurrently, "without properly weighing all the sentencing factors." "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Moury*, 992 A.2d 162, 171-172 (Pa. Super. 2010) (citation omitted)

The sentence imposed here, an aggregate of 26 to 55 years in prison, is not unduly harsh given the scope of the crimes at issue. A defendant is not entitled to a volume discount by having all sentences run concurrently. *See Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super. 1995). The jury found Popote guilty of 105 separate crimes. Thus, he received a minimum sentence of less than three months per crime, while his maximum sentence would be slightly more than six months per crime. This is not an extreme sentence. Popote therefore does not raise a substantial question for our review.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/07/2018</u>