J-S83022-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM PAUL RUSH | : | |
| | : | |
| Appellant | : | No. 706 WDA 2018 |

Appeal from the Judgment of Sentence February 26, 2018
In the Court of Common Pleas of Somerset County Criminal Division at
No(s): CP-56-CR-0000647-2017

BEFORE: PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: FILED MARCH 11, 2019

Appellant, William Paul Rush, appeals from the judgment of sentence entered on February 26, 2018, in the Somerset County Court of Common Pleas. We affirm.

The record reflects that on November 8, 2016, Appellant was an inmate at the State Correctional Institution at Somerset ("SCI Somerset"). On that date, Corrections Officer ("CO") James Livingston witnessed Appellant and another inmate passing items to one another. CO Livingston approached, and Appellant fled to a restroom. CO Livingston followed Appellant into the restroom because he suspected that Appellant was attempting to destroy evidence. At this point, Appellant struck CO Livingston in the face with a closed fist twice. Additional COs arrived and restrained Appellant and transported him to the restrictive housing unit. At the restrictive housing unit,

COs searched Appellant and found synthetic marijuana on Appellant's person. Affidavit of Probable Cause, 8/7/17, at 1. Appellant was arrested and charged with possession of a controlled substance, aggravated assault, contraband, simple assault, and harassment.

On December 12, 2017, Appellant pleaded guilty to one count of possession of a controlled substance and one count of simple assault.[1] On February 26, 2018, the trial court sentenced Appellant to a term of one to two years of incarceration for possession, and a term of one to two years of incarceration for simple assault. The trial court ordered these sentences to run concurrently to each other, but consecutive to the sentence Appellant was currently serving. N.T., 2/26/18, at 2. Appellant filed a timely post-sentence motion to modify his sentence that the trial court denied on April 13, 2018. On May 10, 2018, Appellant filed a timely appeal. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue for our consideration:

Whether the trial court abused its discretion in denying Appellant's post-sentence motion by ordering that his sentence be served consecutively rather than concurrently, so that the result would be the inability of [Appellant to] be subject to parole on the earlier sentence?

Appellant's Brief at 4 (full capitalization omitted).

_____

[1] 35 P.S. §780-113(a)(16) and 18 Pa.C.S. § 2701(a)(1), respectively.

- 2 -

This issue presents a challenge to the discretionary aspects of Appellant's sentence. It is well settled that a challenge to the discretionary aspects of a sentence is a petition for permission to appeal, as the right to pursue such a claim is not absolute. Commonwealth v. Treadway, 104 A.3d 597, 599 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence," by (1) preserving the issue in the court below, (2) filing a timely notice of appeal, (3) including a Rule 2119(f) statement, and (4) raising a substantial question for our review. Commonwealth v. Tejada, 107 A.3d 788, 797 (Pa. Super. 2015) (citation omitted).

Appellant has met the first three parts of the four-prong test: Appellant filed a timely appeal; Appellant preserved the issue in a post-sentence motion; and Appellant included a statement pursuant to Pa.R.A.P. 2119(f) in his brief. Thus, we assess whether Appellant has raised a substantial question with respect to the issue he presents.

A determination as to whether a substantial question exists is made on a case-by-case basis. Commonwealth v. Griffin, 65 A.3d 932, 935 (Pa. Super. 2013). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing

process." Commonwealth v. Caldwell, 117 A.3d 763, 768 (Pa. Super. 2015), appeal denied, 126 A.3d 1282 (Pa. 2015).

Appellant submits that a substantial question exists because the trial court ordered the sentences in this case to run consecutively to a sentence Appellant is already serving. He also claims the trial court focused on the seriousness of the offense without considering all relevant factors. Appellant's Brief at 8. We conclude that Appellant has failed to raise a substantial question. Despite the phrasing of Appellant's Pa.R.A.P. 2119(f) statement, the crux of Appellant's argument is the length of his incarceration: Appellant's concern is that he may not be granted parole at the expiration of the minimum term of the sentence he is currently serving, and this will result in a longer period of incarceration. Appellant's Brief at 9-10. This argument is speculative, and it fails to present a substantial question. See Commonwealth v. Zirkle, 107 A.3d 127, 133 (Pa. Super. 2014) (stating that a claim that the trial court did not weigh certain factors in the manner appellant wishes does not raise a substantial question).

First, whether Appellant will be paroled at the expiration of the minimum term of the sentence he is already serving is unknown, and any possible ramifications are pure speculation. The central issue in Appellant's argument is that he would have preferred all of his sentence run concurrently. However, Appellant's disappointment is not a factor in his sentencing. Appellant

committed multiple criminal acts, and he is now seeking that which is not permitted: a volume discount on his crimes.[2]

There is no merit to Appellant's speculative claim concerning the potential effects that his current sentence may have upon his possible parole in his prior case. After review, we conclude that Appellant failed to raise a substantial question, and his argument is meritless.[3] Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2019

_____

[2] "We see no reason why a defendant should be afforded a 'volume discount' for his crimes by having all sentences run concurrently." Zirkle, 107 A.3d at 133 (quoting Commonwealth v. Hoag, 665 A.2d 1212, 1214 (Pa. Super. 1995)).

[3] Assuming, arguendo, that we reached the merits of Appellant's issue, we cannot agree that the trial court focused solely on the serious nature of the offenses in the case at bar as the record demonstrates that the trial court considered all relevant factors and explained the reasons for the sentence imposed. N.T., 2/26/18, at 8-9.

- 5 -