J-S27008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AUSTIN HARRIS | : | |
| | : | |
| Appellant | : | No. 3085 EDA 2024 |

Appeal from the Judgment of Sentence Entered June 5, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0001538-2019

BEFORE: STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JANUARY 15, 2026**

Appellant, Austin Harris, appeals *nunc pro tunc* from the judgment of sentence imposed on June 5, 2023, by the Court of Common Pleas of Philadelphia County following revocation of his probation and resentencing.[1] He challenges the discretionary aspects of his sentence and contends the prosecutor engaged in misconduct during the resentencing. Finding no merit in Appellant's claims, we affirm.

The revocation court aptly summarized the procedural history:

On October 1, 2019, Appellant, Austin Harris, entered into a negotiated guilty plea before [the trial court] to one count of receiving stolen property ("RSP") as a felony of the third degree. [The trial court] sentenced Appellant to 3 to 6 months of confinement, followed by 2 years of probation. Appellant

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant's direct appeal rights were reinstated by the trial court on October 23, 2024.

committed numerous offenses while on [probation]. On October 15, 2020, Appellant pled guilty to possession with intent to deliver ("PWID") in Northampton County. On November 17, 2020, following a violation of probation ("VOP") hearing, [the court] continued probation.

On January 25, 2022, Appellant entered into a negotiated guilty plea to criminal trespass and related offenses in Lehigh County. On September 1, 2022, Appellant pled guilty to aggravated harassment by a prison[er] and aggravated assault of designated individuals in Northampton County. On September 5, 2022, Appellant pled guilty to violations of the uniform firearms act ("VUFA") § 6105 and RSP (firearms) in Northampton County. A VOP hearing was held before [the court] on June 5, 2023. A presentence investigation report ("PSI") was ordered and reviewed prior to the hearing. [The revocation court] found Appellant in direct violation of its probation and imposed a VOP sentence of 3 to 6 years of confinement to be served consecutive to any other sentence.

On June 15, 2023, Appellant filed a motion for reconsideration of VOP sentence. No direct appeal was filed. On February 20, 2024, Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"). PCRA counsel was subsequently appointed and filed an amended petition on April 3, 2024. On October 23, 2024, [the court] granted Appellant's petition and reinstated his appellate rights *nunc pro tunc*.

Revocation Court Opinion, 1/10/25, at 1-2. This appeal followed. Both Appellant and the revocation court have complied with Pa.R.A.P. 1925.

Appellant raises two issues for our review:

1. Was the revocation sentence entered for non-violent offenses excessive as it was more than necessary to protect the public and punish and rehabilitate the appellant. The sentence, to include its consecutive nature to all other sentences, was overly punitive and excessive as the appellant expressed extreme remorse, suffers from serious mental health issues that need treatment and lead to antisocial behavior, but appellant also exhibited a willingness to rehabilitate. Appellant's remorse, need for and willingness to fully rehabilitate indicate appellant is clearly amenable to community supervision, and the

incarceration sentence was excessive. The consecutive nature of the sentence coupled by mitigating factors not being given due weight, raises a substantial question[.]

2. Did the prosecutor commit prosecutorial misconduct by recklessly misstating various assertions that created ill-will and bias with the revocation court, directly leading to the excessive sentence[?] Specifically, the prosecutor misstated material facts such as appellant being arrested the same day of release from Norristown State Hospital, and by portraying the appellant as a dangerous, unhinged, and unredeemable lunatic stalking the streets, when indeed, the appellant asserts any alleged assaultive behavior occurred while incarcerated, rather than when he was at liberty[.]

Appellant's Brief, at 4.

Appellant's first issue challenges the discretionary aspects of his revocation sentence. Challenges to the discretionary aspects of sentencing are not entitled to appellate review as a matter of right. **Commonwealth v. Clemat**, 218 A.3d 944, 959 (Pa. Super. 2019). Rather, such challenges are considered petitions for allowance of appeal. **Id.** Thus, an appellant must invoke our jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. **Id.**

Here, Appellant filed a timely notice of appeal, preserved the issue in a motion for reconsideration[2] and his brief does not have a fatal defect. Therefore, we must determine whether Appellant raises a substantial question.

> A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015).

In his Rule 2119(f) statement, Appellant contends that the court violated the express provisions of the sentencing code and imposed an excessive sentence in contravention of the fundamental norms underlying the sentencing process. *See* Appellant's Brief, at 10-15. Specifically, Appellant argues that the sentence was manifestly excessive because (1) the revocation court did not adequately consider the factors set forth in 42 Pa.C.S.A. §

---

[2] We note that Appellant's motion for reconsideration, filed on June 15, 2023, was sufficient to preserve the present sentencing claims for appellate review. Although the trial court did not enter a written order denying the motion, there is no question that the trial court was fully apprised of those issues, as they appear in the record and were addressed in the trial court's 1925(a) opinion. Therefore, we find that these issues were properly preserved. *See Commonwealth v. Derrickson*, 242 A.3d 667, 680 n.10 (Pa. Super. 2020) (holding that appellant's "motion for reconsideration was sufficient for preservation purposes.").

9721(b), namely his mental health issues; and (2) the sentence was imposed consecutively to any other sentence Appellant was serving. *Id.* at 10.

We conclude that Appellant has failed to raise a substantial question for our review. Generally, "excessiveness claims premised on imposition of consecutive sentences do not raise a substantial question for our review." *Commonwealth v. Dortch*, 343 A.3d 298, 310 (Pa. Super. 2025) (citing *Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018)). Additionally, "a claim that the sentencing court failed to consider or accord proper weight to a specific sentencing factor does not raise a substantial question." *Id.* at 310-11 (citing *Commonwealth v. Caldwell*, 117 A.3d 763, 769 (Pa. Super. 2015) (*en banc*).

Even if Appellant had raised a substantial question, he would not be entitled to relief. We review the imposition of a sentence following revocation for abuse of discretion. *Commonwealth v. Starr*, 234 A.3d 755, 760 (Pa. Super. 2020) (citation omitted). Subject to statutory limitations, "upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing[.]" 42 Pa.C.S.A. § 9771(b). The law at the time of Appellant's VOP hearing provided the court authority to impose a sentence of total confinement if one of three conditions was met:

(1)    the defendant has been convicted of another crime; or

(2)    the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

> (3)     such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c) (effective December 18, 2019, to June 10, 2024).

When imposing a sentence, a trial court is required to consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant," and state its reason for the sentence on the record.  42 Pa.C.S.A. § 9721(b); *Commonwealth v. Fowler*, 893 A.2d 758, 767 (Pa. Super. 2006).  Where the court had the benefit of a presentence investigation ("PSI"), we can assume the court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988).  Additionally, a sentence within the standard guidelines range is appropriate under the sentencing code.  *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010).

In the present case, Appellant's sentence is within the standard guideline range and does not exceed the statutory maximum.  *See* 18 Pa.C.S.A. § 106(b)(4) (the maximum sentence for a felony of the third degree is seven years).  Appellant was in direct violation of his probationary sentence because he was convicted of multiple crimes while on supervision; therefore, the imposition of a sentence of total confinement was permissible under Subsection 9771(c)(1).  Further, the revocation court had the benefit of a PSI when imposing the sentence, whereby we presume the court was aware of all

relevant information. N.T. VOP Hearing, 6/5/23, at 26-27; *see Devers*, *supra*.

Additionally, it should be noted that "[a]lthough Pennsylvania's system stands for individualized sentencing, the court is not required to impose the 'minimum possible' confinement. Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Radecki*, 180 A.3d at 470 (internal citations and quotation marks omitted). Appellant is not entitled to a "volume discount" on his multiple convictions by the imposition of concurrent sentences. *See*, *e.g.*, *Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super. 1995).

In sum, Appellant did not raise a substantial question, but if he had, the revocation court did not abuse its discretion when it sentenced him for a direct violation of probation.

Appellant also asserts that the Commonwealth committed prosecutorial misconduct when it misstated certain facts during the VOP hearing which "created ill-will" with the revocation court and gave "the impression that [Appellant] is a maniac, unhinged, and uncontrollable." *See* Appellant's Brief, at 24. Specifically, Appellant contends that the Commonwealth's statements that (1) he was arrested the same day he was released from Norristown State Hospital and (2) that he exhibited assaultive behavior in the community were inaccurate. *Id.*

Appellant was sentenced by the court, and "it is presumed that a trial court, sitting as fact-finder, can and will disregard prejudicial evidence." **Commonwealth v. Fears**, 86 A.3d 795, 819 (Pa. 2014) (citation and brackets omitted). Moreover, the revocation court did not find that the Commonwealth painted Appellant as an "unredeemable lunatic." Revocation Court Opinion, 1/10/25, at 5. Rather,

> [the prosecutor] detailed Appellant's criminal history, often reading directly from the PSI, allowing Appellant's conduct to speak for itself. To the extent that [the prosecutor] may have been mistaken about the timing of Appellant's PWID arrest, that error does not rise to the level of prosecutorial misconduct because Appellant was in fact charged with and convicted of PWID while on [] probation. Therefore, no substantive misstatements were made. . . . It is also clear from the record that the prosecutor's comments outside of the PSI had little bearing on Appellant's sentence, as [the revocation court] explained that "[i]f there are any issues with regards to my decision making it relies almost entirely within the [PSI]." N.T. 6/5/2023 27:3-6. It is therefore clear from the record that the prosecutor's misstatements, if there were any, did not affect the fairness of Appellant's VOP hearing.

**Id.** (some citations omitted).

We discern no abuse of discretion. This was a revocation hearing and not a trial by jury. As the court summarized, even though the prosecutor misstated that Appellant was arrested the same day he was released from Norristown State Hospital, the relevant fact is that Appellant was arrested and convicted of PWID while on probation. Additionally, most of the prosecutor's comments were read verbatim from the PSI, which Appellant acknowledged as true. **See** N.T. VOP Hearing, 6/5/23, at 21. Therefore, no relief is due.

Judgment of sentence affirmed.[3]

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/15/2026

---

[3] The application to withdraw as counsel filed on August 22, 2025, is denied as moot. After the filing of the application, new counsel was appointed at the trial level and entered their appearance in this Court on September 29, 2025.