J-S66040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EVERETT R. DELGROS, | |
| Appellant | No. 656 WDA 2017 |

Appeal from the Judgment of Sentence March 30, 2017
in the Court of Common Pleas of Mercer County
Criminal Division at No.: CP-43-CR-0000863-2016

BEFORE:  BENDER, P.J.E., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED DECEMBER 21, 2017**

Appellant, Everett R. Delgros, appeals from the judgment of sentence imposed following his negotiated, open guilty plea to one count of statutory sexual assault.  Specifically, Appellant challenges the discretionary aspects of his sentence.  We affirm.

We derive the underlying facts of the case from the trial court's opinion and our independent review of the record.  The facts are not in dispute.  In April of 2016, Appellant, then twenty-nine years of age, engaged in sexual intercourse on two occasions with a minor female, then fifteen years of age (the Victim) in the back of a car.  Appellant and the Victim met

_____

[*] Retired Senior Judge assigned to the Superior Court.

at the church which they both attended at the time. Appellant held various roles in the church, including youth leader.

On November 14, 2016, Appellant entered into a negotiated open plea of guilty to one count of statutory sexual assault in violation of 18 Pa.C.S.A. § 3122.1(b), a felony of the first degree.[1] In return, the Commonwealth *nol prossed* the remaining charges, including charges relating to the second sexual assault. The sentencing court ordered a pre-sentence investigation report (PSI).

On March 30, 2017, the court sentenced Appellant to a term of not less than twenty-four months nor more than one hundred twenty months of incarceration in a state correctional institution. The sentencing court considered, *inter alia*, the PSI, victim impact testimony and character witness testimony in support of Appellant. Appellant had a Prior Record

_____

[1] In pertinent part, section § 3122.1(b) provides as follows:

> **(b) Felony of the first degree.—**A person commits a felony of the first degree when that person engages in sexual intercourse with a complainant under the age of 16 years and that person is 11 or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S.A. § 3122.1(b).

Score of zero and the charge, an Offense Gravity Score of nine. The sentence is on the high end of the standard range.[2]

The sentencing court noted, *inter alia*, the substantial disparity in the ages of Appellant and the Victim, and Appellant's use of his church leadership position to exploit the vulnerabilities of the Victim. (*See* N.T. Sentencing, 3/30/17, at 20-21).

Appellant moved to modify sentence to a maximum county sentence with work release, so that he could continue to work at Hackett Tree Services, a family business. (*See* Motion to Modify Sentence, 4/07/17). The trial court denied the motion the same day. (*See* Order, 4/07/17).

Appellant timely appealed on April 28, 2017, and filed a court-ordered concise statement of errors on May 23, 2017. The trial court filed an opinion on June 22, 2017. *See* Pa.R.A.P. 1925.

Appellant raises one question on appeal.

> [Is] the sentence of the [trial c]ourt [ ] manifestly excessive in length, because it is not specifically tailored to the nature of the offense, the ends of justice and society, and the rehabilitative needs of [Appellant?]

(Appellant's Brief, at 5).

---

[2] The court determined Appellant not to be a sexually violent predator. Appellant was not RRRI eligible.

A claim that a sentence was manifestly excessive challenges the discretionary aspects of sentence. **See Commonwealth v. Hoag**, 665 A.2d 1212, 1213 (Pa. Super. 1995).

Our review of discretionary aspects of sentencing claims implicates the following principles:

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question

that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. An appellant must articulate the reasons the sentencing court's actions violated the sentencing code.

*Commonwealth v. Moury*, 992 A.2d 162, 169–70 (Pa. Super. 2010) (case citations omitted).

Here, we conclude that Appellant has failed to raise and properly preserve his excessive sentence claim. Pennsylvania Rule of Appellate Procedure 302 provides that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

Appellant failed to raise this excessiveness claim either at sentencing or in a post-sentence motion. Instead, Appellant asked for a county sentence as an accommodation to enable him to return to the family business on work release. (*See* Motion to Modify Sentence, 4/07/17). In his Rule 1925(b) statement of errors, Appellant presented a boilerplate claim that his sentence was "manifestly excessive and contrary to the fundamental

norms which underlie the sentencing process." (Statement of Errors Complained of on Appeal, 5/23/17).

Issues challenging the discretionary aspects of sentencing **must be raised** in a post-sentence motion or by raising the claim during the sentencing proceedings. "Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 831 A.2d 599 (Pa. 2003) (citation omitted).

Furthermore, "[a] party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." ***Commonwealth v. Watson***, 835 A.2d 786, 791 (Pa. Super. 2003) (citation omitted). Accordingly, Appellant's challenge to the discretionary aspects of his sentence is waived.

Moreover, it would not merit relief. If we were to review the merits of Appellant's claim, we would conclude that Appellant has failed to raise a substantial question that his sentence is not appropriate under the Sentencing Code. The trial court imposed a standard range sentence within the guidelines after reviewing a PSI. Where the sentencing court issues a standard range sentence after reviewing a PSI, this Court will not find a sentence excessive. ***See Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010). Furthermore, this Court has held that a claim of an excessive sentence when a standard range sentence is imposed fails to raise

a substantial question. ***See Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/21/2017