J-S78012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TALIL DUNSON | : | |
| | : | |
| Appellant | : | No. 1871 EDA 2017 |

Appeal from the Judgment of Sentence May 15, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001852-2015

BEFORE: LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.: **FILED JANUARY 17, 2019**

Talil Dunson appeals from his judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after he was determined to be in violation of his probation. Upon careful review, we affirm.

On February 11, 2016, Dunson entered a negotiated plea of guilty to one count of possession with intent to deliver ("PWID"). The Honorable Mia Perez sentenced him to four years of probation, to be served under the conditions of the Job Training, Employment and Education ("JTEE") program run by the First Judicial District. At sentencing, the trial court set a date of March 16, 2016 with regard to the status of Dunson's participation in the JTEE program.

Dunson failed to appear at the March 16, 2016 status hearing and the trial court issued a warrant for violation of probation. On August 8, 2016, Dunson was arrested in Cumberland County on unrelated PWID charges. He

_____
* Former Justice specially assigned to the Superior Court.

was sentenced in that matter on February 14, 2017 to an aggregate term of 23 months' and 29 days' to 47 months' and 29 days' incarceration.

Thereafter, on May 15, 2017, Judge Perez held a violation hearing via video conference, as Dunson was incarcerated on the Cumberland County matter and had waived his right to be present in court. At the hearing, Dunson did not contest the violations, but argued that he had failed to appear for his status hearing because he had previously been shot in Philadelphia and, as a result, was afraid to be in the city. The court found Dunson to be in violation of his probation and sentenced him to 1½ to 3 years' incarceration, followed by 2 years of probation, to be served consecutively to his Cumberland County sentence.

Dunson filed a timely post-sentence motion for reconsideration, which the trial court denied on May 30, 2017. Thereafter, he filed a timely notice of appeal followed by a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued its Rule 1925(a) opinion on July 5, 2018.

Dunson raises the following claim for our review:

Did not the [trial] court abuse its discretion and violate the Sentencing Code by sentencing [Dunson] to a manifestly excessive sentence of 1½ to 3 years, to be served consecutively to [his] Cumberland Count[]y sentence, where this sentence far surpassed what was required to protect the public and account for [Dunson's] demonstration of remorse, the nonviolent nature of his offenses, his rehabilitative needs, and the mitigating circumstance of his legitimate fear of being shot in Philadelphia for a second time?

Brief of Appellant, at 3.

Dunson's sole appellate claim implicates the discretionary aspects of his sentence. Such a challenge is not appealable as of right. Rather, an appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. *Commonwealth v. Colon*, 102 A.3d 1033, 1042 (Pa. Super. 2014).

> Before we reach the merits of this issue, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Id.* at 1042-43, quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013); *see also Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008) ("[W]hen a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a post-sentence motion.").

Here, Dunson preserved his claim in a motion for reconsideration and filed a timely notice of appeal. Additionally, his brief contains a statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Accordingly, we must determine whether Dunson raises a substantial question for our review.

In his Rule 2119(f) statement, Dunson first asserts that his sentence, run consecutively to his Cumberland County sentence, is manifestly excessive in light of the nonviolent nature of his offenses, his expressions of remorse and other mitigating factors presented at sentencing. We have previously held that the imposition of consecutive, rather than concurrent, sentences may raise a substantial question where the aggregate sentence is unduly harsh in light of the nature of the crimes and the length of imprisonment. *Commonwealth v. Moury*, 992 A.2d 162, 171–72 (Pa. Super. 2010).

Dunson also asserts that the trial court violated section 9721 of the Sentencing Code by failing to consider his rehabilitative needs. If the trial court fails to consider relevant sentencing criteria, including protection of the public, gravity of the underlying offense, or an appellant's rehabilitative needs, a substantial question is raised. *Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012).

Because Dunson's claims raise substantial questions, we will consider the merits of his discretionary aspects of sentencing claim.

Our standard of review is well-settled.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014).

Dunson challenges the sentence imposed following the revocation of his probation for both technical and direct violations.

> When imposing a sentence of total confinement after a probation revocation, the sentencing court is to consider the factors set forth in 42 Pa.C.S. § 9771. Under 42 Pa.C.S. § 9771(c), a court may sentence a defendant to total confinement subsequent to revocation of probation if any of the following conditions exist:
>
> > 1. the defendant has been convicted of another crime; or
> >
> > 2. the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
> >
> > 3. such a sentence is essential to vindicate the authority of th[e] court.

*Commonwealth v. Crump*, 995 A.2d 1280, 1282-83 (Pa. Super. 2010).

Section 9721(b) of the Sentencing Code specifies that in every case following the revocation of probation, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. However, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender. *Id.* at 1283, citing *Commonwealth v. Malovich*, 903 A.2d 1247 (Pa. Super. 2006). Moreover, when the challenged sentence is a consequence of the revocation of probation, the trial court is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant. *Commonwealth v. Pasture*, 107 A.3d 21, 28 (Pa. 2014). Finally, this Court has repeatedly stated that a defendant is not entitled to a

"volume discount" for his crimes. *See Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super. 1995).

Here, the trial court originally sentenced Dunson to probation and JTEE in an effort to address his rehabilitative needs outside the confines of the prison system. However, from the outset, Dunson demonstrated his inability, or unwillingness, to comply with the terms of his probation by failing to appear for his very first JTEE status listing. Dunson claims that he was frightened to come to Philadelphia after having been shot there. However, as the Commonwealth aptly noted in its brief, his argument "rings hollow since he presented no evidence of an attempt to call or contact either his probation officer or the court to inquire about measures that could be taken to protect his safety while still allowing him to comply with the terms of his probation." Brief of Commonwealth, at 7. In addition to violating the terms of Judge Perez's probation, Dunson also continued to commit similar crimes in an entirely different county while on probation in Philadelphia.

At his resentencing hearing, Dunson expressed remorse for his crimes and raised mitigating factors, such as the nonviolent nature of his crimes.[1] Thus, Judge Perez was able to weigh those factors, in addition to the gravity of the offense and the protection of the public pursuant to 42 Pa.C.S.A. § 9721(b). Ultimately, the court concluded that the sentence imposed was

---

[1] There is no transcript available for Dunson's VOP/resentencing hearing. Accordingly, Judge Perez submitted a statement in lieu of transcript pursuant to Pa.R.A.P. 1923.

necessary to achieve the goals contemplated by the section 9721 factors. We can discern no abuse of discretion in Judge Perez's decision.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/17/19