J-S73010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID S. IRVIN | : | |
| | : | |
| Appellant | : | No. 618 MDA 2019 |

Appeal from the PCRA Order Entered March 21, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001146-2016

BEFORE: SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 23, 2020**

Appellant, David S. Irvin, appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

This Court set forth the following factual history on direct appeal:

> At trial, Detective Nicholas Licata testified to the circumstances and events of September 15, 2015[,] and September 17, 2015[,] that lead to [Appellant's] arrest for delivery of a controlled substance. The Detective testified that while using a confidential informant ("CI") two separate drug buys were made from [Appellant]. The CI was a trusted informant that had worked with the Detective on previous cases.
>
> On September 15, 2015, the CI set up a drug buy with a person the CI identified as [Appellant]. In order to contact [Appellant], the CI called the phone number (717) 329-3241. The CI was searched by the Detective to ensure the CI did not have drugs or money on his or her person and the Detective then

gave the CI $70 to make the drug buy. The CI walked to meet [Appellant] and did not have contact with anyone else before entering a white Hyundai sedan with a Pennsylvania license plate, JPF-4162. The Commonwealth entered into evidence as exhibit one, a video of the CI entering a white car. The CI rode in the car until he or she was dropped off. The Detective picked up the CI and upon searching the CI, found a bundle of heroin and no money. The bundle of heroin and a lab report determining the substance contained in the bundle was heroin were entered into evidence by the Commonwealth as exhibits two and three, respectively.

[O]n September 17, 2015, the CI set up another controlled buy after contacting a person the CI again identified as [Appellant]. The CI called the same phone number as was called on September 15, 2015. Following the same process as the first buy, the CI was searched and then given money before walking to meet [Appellant]. The CI again entered a white Hyundai bearing the same license plate as the first drug sale. After the CI was dropped off, he or she was picked up by the Detective and searched.

The CI again had a bundle of heroin and no money. The CI informed the detective that it was [Appellant] who sold the drugs to him or her. The Commonwealth had the second bundle of heroin and a lab report identifying the substance as heroin entered into evidence as exhibits four and five, respectively.

[Appellant] was arrested on September 18, 2015. [Appellant] was searched and the search found a cell phone and car keys. The Detective called the number the CI had called and the phone found in [Appellant's] possession rang and displayed the Detective's phone number as the incoming call. The car keys found in [Appellant's] possession unlocked the car that had picked up the CI on the two separate occasions. A search warrant was obtained for the car,

which turned up wax bags commonly used to package heroin and a rental agreement showing that the car was rented to a person other than [Appellant].

Another Harrisburg Police Department Officer was called to testify for the Commonwealth. The officer's duty during the investigation was to conduct surveillance. The Commonwealth entered into evidence, as exhibits eight through eleven, various videos and photographs showing [Appellant] entering and operating the vehicle. [Appellant] did not testify at the trial and did not put on evidence or call any witnesses. [Appellant] attacked the use of a CI, the lack of eyewitness evidence of the actual drug exchange, and the lack of physical proof such as DNA and fingerprints.

*Commonwealth v. Irwin*, 181 A.3d 1235, 432 MDA 2017 (Pa. Super. filed December 14, 2017) (unpublished memorandum) (quoting Trial Court Opinion, 3/3/17, at 2-4 (record citations and footnotes omitted)).

The PCRA court set forth the following relevant additional history:

On December 6, 2016, following a jury trial, [Appellant] was found guilty of two counts of delivery of a controlled substance. On February 21, 2017, [Appellant] was sentenced to serve two consecutive terms of 27 to 60 months. On December 14, 2017, the Pennsylvania Superior Court affirmed the judgment of sentence but remanded for [Appellant's] RRRI eligibility. On September 12, 2018, [Appellant] filed a *pro se* PCRA Petition and Michael Palermo was appointed as PCRA Counsel. PCRA counsel filed an Amended PCRA Petition and the Commonwealth filed a response. A PCRA hearing was held on March 11, 2019.

In his *pro se* PCRA Petition, [Appellant] alleges he is eligible for relief due to a constitutional violation and ineffective assistance of counsel. Additionally, in his *pro se* PCRA Petition and attached "Motion," [Appellant] alleges he is eligible for relief because trial counsel "advised [Appellant] to reject the plea offer based upon the fact that said attorney would win a not guilty verdict." Also [Appellant] raised the issue of his consecutive sentence and "that it is so manifestly excessive as to constitute being too severe."

- 3 -

> PCRA Counsel filed an Amended PCRA Petition on February 1, 2019, and succinctly stated the issues as 1) misinformed of plea consequences and 2) excessive sentence.

PCRA Court Memorandum Order, 3/20/19, at 1–2 (footnote omitted).

Following a hearing, the PCRA court dismissed Appellant's timely PCRA petition.[1] Order, 3/20/19.

On appeal, Appellant avers that "[t]he PCRA Court erred by denying [Appellant's] claims that his counsel was ineffective,

(i). by erroneously advising [Appellant] to reject a plea offer for a 18 month to 3 year sentence, based upon counsel's assurance that he only faced a 27 months to five year sentence and that said attorney would win a not-guilty verdict, when in fact, [Appellant] was actually facing a sentence of five to ten years;

(ii). by failing to raise on Post-Sentence Motion and preserve for appellate review the issue that the consecutive nature of the sentences was unreasonable because the Detective did not arrest [Appellant] on the first controlled buy.

Appellant's Brief at 6 (*verbatim*).

When reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016). We

---

[1] Pursuant to 42 Pa.C.S. § 9545(b)(1), a first PCRA petition must be filed within one year from the date judgment becomes final. "[A] judgment becomes final at the conclusion of direct review . . . ." 42 Pa.C.S. § 9545(b)(3). This Court filed its opinion on direct appeal on December 14, 2017. Appellant filed a petition for allowance of appeal, which the Supreme Court denied on May 10, 2018. Appellant filed his *pro se* PCRA petition on September 12, 2018, within the one-year prescribed time period.

will review PCRA appeals "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Steckley*, 128 A.3d 826, 831 (Pa. Super. 2015). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014). Finally, we note that the "PCRA court's credibility determinations, when supported by the record, are binding on this Court." *Commonwealth v. Medina*, 92 A.3d 1210, 1215 (Pa. Super. 2014).

Both of Appellant's issues relate to alleged ineffectiveness of counsel. It is well settled that:

> [c]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. In Pennsylvania, we have refined the *Strickland* [*v. Washington*, 466 U.S. 668 (1984)] performance and prejudice test into a three-part inquiry. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. *See* [*Commonwealth v.*] *Pierce*[, 527 A.2d 973 (Pa. 1987) ]. If a petitioner fails to prove any of these prongs, his claim fails. Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. Where matters of strategy and tactics are concerned, a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.

***Commonwealth v. Charleston***, 94 A.3d 1012, 1019 (Pa. Super. 2016) (some internal citations omitted). Moreover, "[a] court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first." ***Commonwealth v. Tharp***, 101 A.3d 736, 747 (Pa. 2014).

In support of his first allegation of error, Appellant avers that his trial counsel was ineffective for failing to provide adequate advice to allow Appellant to make an intelligent decision regarding the Commonwealth's plea offer of an eighteen-month to three-year sentence.[2] Appellant's Brief at 12. Specifically, Appellant argues that his trial counsel informed Appellant of the offer, but claims that his counsel told him to reject the plea because he was only facing a twenty-seven-month-to-five-year sentence if convicted, when in reality, Appellant was facing a maximum sentence of five to ten years of incarceration. ***Id***. at 12, 15. Further, Appellant states that his trial counsel informed him that he would win a not-guilty verdict for Appellant. ***Id***. at 12. Appellant argues that without this information, there is a reasonable

---

[2] Although the trial court references the plea offer and rejection that were made in open court, this Court was unable to locate a copy or transcript of either because the guilty-plea hearing was not transcribed. However, we note that during the PCRA hearing, both Appellant and his trial counsel testified that the plea offer was rejected in open court. N.T. (PCRA), 3/11/19, at 6–7, 22. Moreover, there does not appear to be any dispute to the terms of the plea offered, one and one-half to three years of incarceration, which Appellant rejected. ***Id***. at 6, 7, 20.

probability "he would have accepted the plea offer[,] and the outcome would have been different…" *Id*. at 15.

In order to prove that counsel was ineffective:

a post-conviction petitioner seeking relief on the basis that ineffective assistance of counsel caused him or her to reject a guilty plea must demonstrate the following circumstance:

> [B]ut for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Commonwealth v. Steckley*, 128 A.3d at 832 (quoting *Lafler v. Cooper*, 132 S.Ct. 1376, 1385 (2012)).

Although Appellant avers that his trial counsel was ineffective as it relates to the plea offer, the PCRA court found:

At the evidentiary hearing held, trial counsel testified that he made no guarantees to win the case (and does not do so with any of his clients).  Trial counsel did, however, discuss the strengths and weaknesses of the case and presented the plea offer made by the Commonwealth to [Appellant].  [Appellant] rejected the deal in front of the court in an open hearing.  Trial counsel also discussed what would happen if the case proceeded to trial, the two different charges [Appellant] was facing, the possibility of a consecutive sentence, the sentencing guidelines if he were to be found guilty, and the statutory maximum that [Appellant] was facing if he were to be found guilty. It was [Appellant's] choice to proceed to trial.  We cannot find that trial counsel did anything wrong.  Accordingly, the underlying legal claim lacks arguable merit and [Appellant's] first claim must fail.

PCRA Court Opinion, 3/20/19, at 2.

After a review of the record and the testimony given at the PCRA hearing, we find no error on the part of the PCRA court. Indeed, during the PCRA hearing, Appellant's trial counsel testified as follows:

> Throughout the representation from the very beginning all the way through either a plea or trial, it would be discussing what different options he has, such as suppression issues, any type of issues for trial, what type of plea offer he is looking for, what do we think we could possibly get, waiting to get the discovery, basically, the good, bad and the ugly of what the discovery shows.

N.T. (PCRA), 3/11/19, at 19. Further, trial counsel testified that he did not make any guarantees to Appellant, although he did discuss the weaknesses in the Commonwealth's case. *Id*. at 20. He stated that reviewed the length of the possible sentences and that the sentences could run either consecutively or concurrently. *Id*. at 21. Finally, trial counsel said that after Appellant turned down the offer, he did not attempt to "get the offer back" as Appellant's "mind was pretty made up as to trial even I think before the offer." *Id*. at 22.

Appellant has failed to establish that his counsel was ineffective. During the PCRA hearing, Appellant claimed that "[trial counsel] said he didn't know if [the plea deal] was a good deal or not." N.T. (PCRA), 3/11/19, at 6. He further testified that trial counsel did not promise him that he would win, but that counsel informed Appellant that could win. *Id*. at 14. Further, unlike the facts present in *Steckley*, 128 A.3d at 830, where the attorney for the appellant admitted she was unaware of the mandatory-minimum sentence the appellant was facing, trial counsel in the instant case made no such admission.

Finally, we note that it appears the PCRA court found trial counsel's testimony on the matter to be credible, as it accepted that testimony at the evidentiary hearing. PCRA Court Opinion, 3/20/19, at 1. Appellant has failed to show error on the part of the trial court as it relates to his first issue.

In support of his second issue, Appellant avers that his trial counsel was ineffective for failing to raise the excessiveness of his sentence in a post-trial motion, therefore waiving it for purposes of direct appeal. Appellant's Brief at 15. Specifically, Appellant claims that the two consecutive sentences imposed for the two controlled drug buys, "creates a punishment that is so manifestly excessive as to constitute being too severe." *Id*. at 16. Although Appellant argues that the PCRA court erred in dismissing his petition, Appellant fails to cite any case law discussing the issue and makes only blanket statements that Appellant was prejudiced by counsel's failure to raise the issue. *Id*. at 18-19. Appellant also fails to provide any discussion of how that alleged failure prejudiced him. Thus, we find the issue waived. ***Commonwealth v. Walter***, 966 A.2d 560, 566-567 (Pa. 2009) (finding that failure to provide adequate discussion and citation to supporting authority will result in waiver of issue).

Even if Appellant had not waived the issue, he would be due no relief. As the PCRA court stated in its opinion:

> [T]his [c]ourt was the sentencing judge and reviewed the sentencing memorandum submitted by counsel, noted that [Appellant] was recently released from state prison, and indicated that this was two separate events. As such, we imposed a consecutive sentence. Thus, any challenge to the consecutive

nature of [Appellant's] sentence would have been rejected and therefore, [Appellant] cannot establish prejudice.

PCRA Court Opinion, 3/20/19, at 3.

Indeed, as this Court has held, a defendant is not entitled to a "volume discount" for his crimes. ***Commonwealth v. Hoag***, 665 A.2d 1212, 1214 (Pa. Super. 1995). Moreover, this Court has found that a trial court has discretion to impose either a consecutive or concurrent sentence. ***Commonwealth v. Radecki***, 180 A.3d 441, 470 (Pa. Super. 2013). "The imposition of consecutive as opposed to concurrent sentences is solely within the discretion of the trial court, and does not in and of itself even rise to the level of a substantial question." ***Commonwealth v. Johnson***, 873 A.2d 714, n. 2 (Pa. Super. 2005) (citing ***Hoag***, 873 A.2d at 1214). In the instant case, Appellant has failed to establish his underlying claim is of any merit. Further, he does no more than make blanket statements that the second and third prongs of the test for ineffectiveness of counsel, discussed *infra*, were satisfied. Appellant is due no relief on his second issue.

For all the foregoing reasons, the order denying PCRA relief is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>04/23/2020</u>