J-S35022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
JOSEPH ALAN PARKHURST :
:
Appellant : No. 850 MDA 2021

Appeal from the Judgment of Sentence Entered February 9, 2018,
in the Court of Common Pleas of Bradford County,
Criminal Division at No(s):  CP-08-CR-0000780-2016.

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
JOSEPH ALAN PARKHURST :
:
Appellant : No. 851 MDA 2021

Appeal from the Judgment of Sentence Entered February 9, 2018,
in the Court of Common Pleas of Bradford County,
Criminal Division at No(s):  CP-08-CR-0000799-2016.

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
JOSEPH ALAN PARKHURST :
:
Appellant : No. 852 MDA 2021

Appeal from the Judgment of Sentence Entered February 9, 2018,
in the Court of Common Pleas of Bradford County,
Criminal Division at No(s): CP-08-CR-0000738-2017.

BEFORE: OLSON, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED: FEBRUARY 22, 2022**

Joseph Alan Parkhurst appeals from the judgment imposed following his guilty pleas to charges of theft and robbery. Upon review, we affirm.

The pertinent facts and procedural history are as follows: On December 5, 2017, Parkhurst pled guilty, at three different dockets, to three counts of theft by unlawful taking and one count of robbery.[1] Under Parkhurst's plea agreement, his sentence was subject to the discretion of the trial court. The trial court held a sentencing hearing on February 9, 2018. At the time of sentencing, Parkhurst was serving concurrent sentences of incarceration in Wyoming County for 6 to 12 years for unrelated convictions for similar crimes in Wyoming and Luzerne Counties. The trial court had access to Parkhurst's pre-sentence report. After hearing from counsel for both parties, the trial court imposed consecutive sentences at all three dockets for an aggregate

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa. C.S.A. §§ 3921(a) and 3701(a)(1)(iv), respectively.

sentence of 43 to 144 months of incarceration.[2] These sentences were also imposed consecutive to the sentence Parkhurst was serving in Wyoming County.

Initially, Parkhurst did not timely file any post-sentence motion or a direct appeal. However, following a successful petition under the Post-Conviction Relief Act, the court restored his post-sentence motion and appellate rights. Thereafter, Parkhurst asked the court to reconsider his consecutive sentences in a post-sentence motion, which the court denied. Parkhurst filed a timely appeal at each docket. By order entered July 21, 2021, we consolidated the appeals *sua sponte*. Parkhurst and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Parkhurst raises the following issue on appeal:

1. Whether the [trial court] abused its discretion by sentencing [Parkhurst] to consecutive sentences on all cases even though he had a prior record score of zero (0) and had never had an opportunity for rehabilitation?

Parkhurst's Brief at 4.

Because Parkhurst challenges the discretionary aspect of his sentence, we must first decide if his appeal is properly before this Court. "It is well

---

[2] At Case No. 780 of 2016, the trial court imposed a sentence of 10 to 36 months of imprisonment at each of the two theft counts. At Case No. 799 of 2016, the court imposed a sentence of 3 to 24 months for the theft count. Finally, at Case No, 738 of 2017, the court imposed a sentence of 20 to 48 months for the robbery count.

settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." ***Commonwealth v. Mastromarino***, 2 A.3d 581, 585 (Pa. Super. 2010).  To determine if this Court should hear the merits of Parkurst's appeal, we employ a four-part test that considers:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013). The parties do not dispute, and we agree, that Parkhurst has satisfied the first three requirements of the test.  Thus, we must determine whether Parkhurst has raised a substantial question.

An appellant raises a substantial question when he presents a "colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code, or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Brown***, 741 A.2d 726, 735 (Pa. Super. 1999).  Here, Parkhurst argues that the "long consecutive nature" of the sentences, coupled with his unaddressed need for rehabilitation, violated the fundamental norms of sentencing. Parkhurst's Brief at 11.

We have recognized that an appellant raises a substantial question when he challenges the harshness of consecutive sentences in light of a trial court's

alleged failure to adequately consider his need for rehabilitation. *Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015). *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (holding challenge based on the excessiveness of consecutive sentences and on the lower court's failure to consider rehabilitative needs presented a substantial question); *Commonwealth v. Dodge*, 77 A.3d 1263, 1273 (Pa. Super. 2013) (holding allegation that sentencing court "disregarded rehabilitation and the nature and the circumstances of the offense" presented a substantial question). Because Parkhurst claims that his consecutive sentences were "manifestly unreasonable," and that the court "relied too much on punishment and/or retribution without providing enough consideration to [his] rehabilitative needs and prospects," he raises a substantial question. Parkhurst's Brief at 7, 14. Accordingly, we will consider the merits of this appeal.

Our standard of review for a sentencing claim is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006). Under 42 Pa. C.S.A. § 9781(c), an appellate court must vacate a sentence imposed

if "the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable." The Pennsylvania Supreme Court observed in **Commonwealth v. Walls** that the "unreasonableness inquiry" is guided by the factors listed in 42 Pa. C.S.A. § 9781(d). 926 A.2d 957, 963 (Pa. 2007). Section 9781(d) states that an appellate court should consider:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

When a trial court has access to a pre-sentence report, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa. Super. 2009). A trial court also has discretion to impose concurrent or consecutive sentences. **Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010).

After reviewing the record, we conclude that Parkhurst's aggregate sentence was not unreasonable. He pled guilty to three counts of theft, two of them involving theft of a firearm, and one count of robbery involving the threat of bodily injury. All of these crimes spanned less than two years. **See**

N.T., 2/5/18, at 4–7. Parkhurst's prior record score of zero was considered when calculating the applicable sentencing guidelines, but this did not accurately reflect his recent criminal history. At the time of sentencing, Parkhurst was serving concurrent sentences of 6 to 12 years in Wyoming County for similar crimes. Additionally, as the sentencing court noted, these crimes occurred within the same two-year period. *Id.* at 4. Moreover, the sentencing court here had observed Parkhurst and suggested that he did not fully admit responsibility for two of the theft offenses. *Id.* at 5.

Parkhurst concedes that the sentences for each of his convictions are within the standard range; nonetheless, he claims that his crimes were "fueled by his drug addiction" and that he had never had the opportunity for rehabilitation. Parkhurst's Brief at 12–14. However, the sentencing court considered the presentence report and Parkhurst offers no additional information to overcome the presumption that the court considered all relevant factors. *Ventura*, *supra.* Moreover, the court specifically cited Parkhurst's drug addiction, lack of treatment, and that his need for money to buy drugs motivated his robbery. *Id.* at 4–5. Contrary to Parkhurst's claim, the court considered his need for rehabilitation, although it did not give it the weight he would have preferred.

Parkhurst claims that the consecutive nature of his sentences was unreasonable because that decision subjects him to an aggregate sentence of 115 to 288 months of incarceration. However, this figure includes his sentence for unrelated crimes in Wyoming County; not just his aggregate

sentence of 43-144 months imposed at the three criminal dockets at issue. The sentencing court was not required to consider his sentences for unrelated crimes as credits redeemable against independently justified sentences for the crimes when sentencing in this case. This Court has often noted that a defendant is not entitled to a "volume discount" through concurrent sentences when he has been found guilty of multiple crimes committed over a relatively short period of time. *See Commonwealth v. Zirkle*, 107 A.3d 127, 134 (Pa. Super. 2014); *Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super. 1995).

Accordingly, we discern no abuse of discretion, and we affirm Parkhurst's judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/22/2022