J-A09041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                   : PENNSYLVANIA
                                                   :

v. :

:
:
:

DAVID TALBOT TAYLOR :

:

          Appellant : No. 890 MDA 2022

Appeal from the Judgment of Sentence Entered April 7, 2022,
in the Court of Common Pleas of York County,
Criminal Division at No(s): CP-67-CR-0001130-2019.

BEFORE: PANELLA, P.J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:              **FILED: JULY 5, 2023**

David Talbot Taylor appeals the judgment of sentence imposed after he pled guilty to multiple offenses arising from the sale of drugs. Upon review, we affirm.

Taylor, along with David Seecharran, sold drugs throughout York County. Eventually, Taylor's sale of drugs resulted in the death of two individuals. Taylor was arrested and charged.

In exchange for his cooperation in a companion case and his plea in the instant case, the Commonwealth offered Taylor 10-20 years' incarceration for all counts, to run concurrently. Taylor, however, rejected this offer and chose to enter an open plea.

On February 14, 2022, Taylor pled guilty to conspiracy to commit corrupt organizations, two counts of drug delivery resulting in death

("DDRID"), two counts of drug delivery, and conspiracy to commit drug delivery resulting in death.

On April 7, 2022, the trial court sentenced Taylor as follows: conspiracy to commit corrupt organizations, 1½ to 3 years' incarceration (standard range); DDRID, 5 to 10 years' incarceration (mitigated range) each, to run consecutively; and conspiracy drug delivery resulting in death, 5 to 10 years to run concurrent to the DDRID sentence; and delivery of a controlled substance, no separate sentence as those charges merged with the sentences for DDRID. Notably, the trial court imposed the sentence for conspiracy to commit corrupt organizations to run consecutively to the two sentences for DDRID. In total, Taylor was sentenced to 11½ to 23 years' incarceration, a longer sentence than the Commonwealth offered Taylor. Taylor filed a post-sentence motion which the trial court denied.

Taylor filed this timely appeal. Taylor and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Taylor raises one issue for our review:

> 1. Did the sentencing court arrive at a manifestly unreasonable decision when it structured [Taylor's] sentences for the charges of [DDRID] to run consecutively to the sentence for [criminal conspiracy to commit corrupt organizations], as opposed to concurrent, thus committing a manifest abuse of discretion?

Taylor's Brief at 3.

Taylor challenges the discretionary aspects of his sentence.[1] "It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." *Commonwealth v. Austin*, 66 A.3d 798, 807-08 (Pa. Super. 2013) (citation omitted). This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis of the following factors:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting *Austin*, 66 A.3d at 808).

Here, Taylor satisfied the first three requirements under *Colon*. Accordingly, we must determine whether Taylor raised a substantial question.

In his 2119(f) statement, Taylor argues that the trial court abused its discretion when it imposed the sentence for conspiracy to commit corrupt organizations consecutive to the two sentences for DDRID. Specifically, Taylor argues that imposing these sentences consecutively, rather than concurrently, was unreasonable because the underlying conduct involved in each offense

---

[1] We note that, although Taylor's argument uses a merger like analysis which implicates the legality of sentence, he only challenges the discretionary aspects of his sentence.

- 3 -

was the distribution of opioids in York County; the conspiracy offense encompassed the same foreseeable conduct as anticipated in the DDRID offense. As such, Taylor maintains that the offenses were not so separate and distinct to warrant consecutive sentences, and the trial court should have imposed the sentences concurrently. Taylor's Brief at 11-12.

Regarding the imposition of consecutive sentences and whether a substantial question has been raised, this Court has held:

> A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. **Commonwealth v. Mastromarino**, 2 A.3d 581, 587 (Pa. Super. 2010)[.] Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment. **Commonwealth v. Lamonda**, 52 A.3d 365, 372 (Pa. Super. 2012)[(*en banc*)].
>
> [An appellant] may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

**Commonwealth v. Swope**, 123 A.3d 333, 338-39 (Pa. Super. 2015) (quotations omitted).

Given the circumstances here, we conclude that Taylor's claim does not raise a substantial question. Even if Taylor raised a substantial question, we

would find that the trial court did not abuse its discretion when it imposed consecutive sentences for DDRID and conspiracy.[2]

As the trial court explained, the two crimes are clearly separate and distinct, and Taylor's argument is meritless.

> Contrary to [Taylor's] contention, [conspiracy to commit corrupt organizations] is a separate and distinct crime from the crime of [DDRID]. For the [c]onspiracy charge, [Taylor] had to agree with one or more individuals (David Seecharran) to violate the [c]orrupt [o]rganizations statute by committing two or more crimes of racketeering, specifically trafficking in illegal drugs. The death of an individual is not required. On the contrary, for the crime of [DDRID], no conspiracy is required, and it is not necessary to commit two or more crimes of racketeering. Instead, all that is required is that [Taylor] intentionally delivered, gave or sold a controlled substance to the victim, and the victim died as a result of using that controlled substance. Because each of these crimes requires one or more elements that the other does not, they are separate and distinct from each other.

Trial Court Opinion, 8/18/22, at 3-4. Thus, the decision to impose the conspiracy sentence consecutively or concurrently was within the trial court's

---

[2] Our standard of review of a sentencing claim is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006).

discretion.  ***See Commonwealth v. Hoag***, 665 A.2d 1212, 1213 (Pa. Super. 1995).  We do not consider the court's imposition of a standard range sentence of 1½ to 3-years' incarceration consecutively as manifestly unreasonable. This Court has stated many times that defendants convicted of multiple offenses are not entitled to a "volume discount."  ***See Commonwealth v. Calhoun***, 53 A.3d 281, 287 (Pa. Super. 2012) (where sentences do not merge, defendant is not entitled to "volume discount" in being sentenced).

In sum, Taylor did not raise a substantial question, but if he had, the trial court did not abuse its discretion when it sentenced him.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/5/2023