J-A27025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ISAHIA HECHAVARRIA :
:
Appellant : No. 772 MDA 2024

Appeal from the Judgment of Sentence Entered April 25, 2024
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0000420-2023

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ISAHIA HECHAVARRIA :
:
Appellant : No. 773 MDA 2024

Appeal from the Judgment of Sentence Entered April 25, 2024
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0000658-2022

BEFORE:  LAZARUS, P.J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED: MARCH 21, 2025**

Isahia Hechavarria appeals from the judgment of sentence imposed after he pled guilty to terroristic threats and kidnapping and aggravated assault in two separate cases involving different incidents and victims.  He challenges the discretionary aspects of his sentences.  Upon review, we vacate the sentence in the terroristic threats case, and we affirm the sentence in the aggravated assault and kidnapping case.

The facts in the first case (2022 CR 658) are as follows. On November 26, 2021, Hechavarria started an argument with his girlfriend, Star Velez, at their residence. Eventually, he left. He then called Velez multiple times on her cell phone and left voicemails threatening her and stating that he would find her and kill her. He was arrested and charged.

While out on bail for the charges pending in that case, Hechavarria was arrested and charged in the second case (2023 CR 420). The trial court set forth the facts as follows:

> On 8/20/2022, an Officer from the Scranton Police Patrol division responded to 115 South Sumner Ave., for a report of a gunshot victim who was at the residence. Officer Hyler arrived on scene and observed the victim, Mercedes Gonzales, lying on the floor of the living room of the residence. Officer Hyler observed a gunshot wound to Gonzales's left thigh. The bleeding was controlled, and Gonzales was conscious and alert.
>
> Officer Hyler was able to interview Gonzales, who indicated that a male by the name of "Isaiah" was the actor however, his first name was spelled uncommonly. Isaiah was further described as a Cuban male.
>
> Gonzales indicated that she was the front seat passenger of a vehicle driven by Isaiah and she and Isaiah were the only occupants. Gonzales indicated that Isaiah shot her in the leg with a handgun which was described as a revolver, while in the vehicle. Gonzales then exited the passenger side of the vehicle and ran to 115 South Sumner Ave, where police were called. 115 South Sumner Ave. was not a known residence for Gonzales, and she went there looking for help. Gonzales also indicated that at some point during the altercation, while in possession of the weapon, Isaiah forcibly took her cellular phone (Apple iPhone) and Apple Watch.

Trial Court Opinion, 6/20/24, at 4-5.

On November 9, 2023, Hechavarria pled guilty to terroristic threats in the first case and kidnapping and aggravated assault in the second case.[1]  On April 25, 2024, the trial court sentenced Hechavarria to 12 to 24 months' incarceration for terroristic threats; 24 to 48 months' incarceration for aggravated assault; and 66 to 132 months' incarceration for kidnapping.  The court imposed all three sentences consecutive to each other, for an aggregate sentence of 102 to 204 months' (8.5 to 17 years') incarceration.  Hechavarria filed a post-sentence motion, which the court denied.

Hechavarria filed this timely appeal.  He and the trial court complied with Appellate Rule 1925.

On appeal, Hechavarria raises the following issues:

A. Whether the trial court erred and abused its discretion when it imposed:

> (1) An unwarranted harsh and excessive sentence of twelve (12) to twenty-four (24) months on the terroristic threats offense (2022 CR 658) erroneously believing that it was a standard range sentence;
>
> (2) An unwarranted harsh and excessive sentence of twenty-four (24) to forty-eight (48) months on the aggravated assault offense (2023 CR 420); and
>
> (3) An unwarranted harsh and excessive aggravated range sentence of sixty-six (66) to one hundred thirty-two (132) months on the kidnapping offense (2023 CR 420).

B. Whether the trial court erred when it imposed consecutive sentences rather than concurrent sentences.

---

[1] 18 Pa.C.S.A. §§ 2706(a)(1) and 2702(a)(4) and 2901(a)(3).

Hechavarria's Brief at 4.

Hechavarria first claims that his sentence for terroristic threats was harsh and excessive because the trial court erroneously sentenced him in the aggravated range when the court intended to sentence him in the standard range. The trial court and the Commonwealth concede this error. Trial Court Opinion, 6/20/24, at 7-8; Commonwealth's Brief at 4. The minimum standard range sentence for this offense was restorative sanctions (RS) to less than 12 months. However, the court imposed a sentence of 12 to 24 months' incarceration. *See* N.T., 4/25/24, at 17-18. In its opinion, the trial court stated:

> it does appear this court exceeded the standard guideline range by one day, resulting in an aggravated sentence. Furthermore, this court did not provide a statement of reasons for the aggravated sentence as required by law. As such, this court concedes error and asks for the matter to be remanded for resentencing on the terroristic threats . . . .

Trial Court Opinion, 6/20/24, at 7-8. Therefore, we need not further consider Hechavarria's issue regarding his sentence for terroristic threats. We will vacate the sentence in this case (2022 CR 658) and remand for further proceedings.

Hechavarria's two remaining issues pertain to the discretionary aspects of his sentence in the second case (2023 CR 420). "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010).

This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code . . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)). Hechavarria has satisfied the first three requirements under *Colon*. Accordingly, we must determine whether Hechavarria has raised a substantial question.

In his Rule 2119(f) statement, Hechavarria claims that the trial court abused its discretion when it imposed a harsh and excessive sentence for aggravated assault at the high end of the standard range and for kidnapping in the aggravated range. Hechavarria maintains that the court focused only on the crimes, especially kidnapping, and did not consider his background, character, rehabilitative needs, and mitigating factors. Hechavarria's Brief at 12. Additionally, Hechavarria claims that the trial court abused its discretion when it imposed the sentences for kidnapping and aggravated assault consecutive to each other because the incident involved the same victim and occurred at the same time. *Id.*

- 5 -

A claim that the trial court imposed an aggravated-range sentence without consideration of mitigating circumstances raises a substantial question. *Commonwealth v. Felmlee*, 828 A.2d 1105, 1107 (Pa. Super. 2003). Additionally, this Court has held that a sentence based solely upon the serious nature of the criminal act, and not all relevant factors, presents a substantial question for appellate review purposes. *See Commonwealth v. Macias*, 968 A.2d 773, 776 (Pa. Super. 2009). Furthermore, we have held that "an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors [or a defendant's rehabilitative needs]—raises a substantial question." *Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*). Lastly, regarding the imposition of consecutive sentences and whether a substantial question has been raised, this Court has held:

> A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. *Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa. Super. 2010)[.] Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa. Super. 2012)[(*en banc*)].

*Commonwealth v. Swope*, 123 A.3d 333, 338-39 (Pa. Super. 2015). "[T]he key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what

appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." ***Mastromarino***, 2 A.3d at 587.

Based upon the foregoing, we conclude that Hechavarria's challenge to the trial court's imposition of two lengthy consecutive sentences as unduly harsh and excessive, together with his claim that the court focused on the crimes without considering other pertinent sentencing factors when it sentenced him, presents a substantial question. Therefore, we will consider the merits of his sentencing claims.

Our standard of review of a sentencing claim is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006). Where there is an abuse of discretion, the sentence must be vacated. ***See Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2007).

The Sentencing Code requires that when sentencing a defendant, the trial court must first consider the sentencing guidelines. 42 Pa.C.S.A. § 9721(b). The court also must consider "the protection of the public, the gravity of the offense in relation to its impact on the victim and the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Finally, before imposing a sentence of total confinement, the court

must consider "the nature and circumstances of the crime[,] and the history, character, and condition of the defendant." 42 Pa.C.S.A. § 9725.

In his last two claims, Hechavarria maintains that his sentences for aggravated assault and kidnapping were harsh and excessive. Specifically, he argues that the trial court abused its discretion when it imposed a 24-month minimum sentence of incarceration for aggravated assault, which is at the highest end of the standard range. Additionally, he argues that the court did not indicate on the record the reasons for this sentence or explain what in his history or character necessitated a maximum sentence of 4 years' incarceration. Hechavarria's Brief at 14. Regarding his sentence for kidnapping, Hechavarria argues that the trial court abused its discretion when it imposed a 66-month minimum sentence of incarceration for kidnapping, which is in the aggravated range. *Id.* at 13, 17.

In sentencing him as such, Hechavarria claims that the trial court did not consider his background and character, rehabilitative needs, or relevant mitigating factors. Hechavarria argues: he is 23 years old; he is young enough to make changes and is amenable to doing so; he has mental health issues and suffers from post-traumatic stress disorder ("PTSD"), but he is willing to address these issues. Instead of considering these factors, according to Hechavarria, the trial court focused exclusively on the seriousness of his offenses. *Id.* at 16-18.

Lastly, Hechavarria claims that the trial court abused its discretion when it imposed his sentences for aggravated assault and kidnapping consecutively.

He argues that, because these sentences arose out of the same incident, involved the same victim, and occurred at the same time, imposition of consecutive sentences was manifestly unreasonable. Therefore, Hechavarria maintains that the circumstances here do not warrant a lengthy aggregate sentence of 102 to 204 months' incarceration (inclusive of terroristic threats sentence). *Id.* at 18-19.

For these reasons, Hechavarria contends that his sentence for aggravated assault and kidnapping should be vacated, and the second case (2023 CR 420) also should be remanded for resentencing. We disagree.

Initially, we observe that the trial court considered the sentencing guidelines when it sentenced Hechavarria. Trial Court Opinion, 6/20/24, at 2. Hechavarria had a prior record score of 3. N.T., 4/25/23, at 7. The offense gravity scores for aggravated assault and kidnapping were 8 and 10, respectively. Thus, the sentencing guidelines recommended a standard range, minimum sentence of 18 to 24 months, plus or minus 9 months, for aggravated assault, and 42 to 54 months' incarceration, plus or minus 12 months, for kidnapping. Trial Court Opinion, 6/20/24, at 2.

The trial court sentenced Hechavarria to 24 to 48 months' incarceration for aggravated assault. Hechavarria's minimum sentence for aggravated assault was within the standard range, albeit at the highest end. Sentences imposed within the standard range of the sentencing guidelines are presumed to be reasonable. *Commonwealth v. Ventura*, 975 A.2d 1128, 1134 (Pa.

Super. 2009). Additionally, his 4-year maximum sentence was well within the statutory limit of 10 years.

Regarding Hechavarria's sentence for kidnapping, the trial court sentenced him to 66 to 132 months' incarceration, which was in the aggravated range. The court explained its reasons for this sentence:

> Number one, at the time this incident was committed you were out on bail for a crime of violence. Number two, the victim was shot during the kidnapping. Number three, the victim escaped the kidnapping by jumping out of a moving car. And number four, you fled the scene resulting in a, for lack of a better word, a manhunt. So, all of those circumstances lead me to believe that a sentence that's aggravated is appropriate in this case.

N.T., 4/25/24, at 18-19. Thus, the court identified particular facts and gave specific reasons to support this sentence. Notably, the court did not focus only on the seriousness of the crime itself.

Furthermore, our review of the record shows that the trial court considered Hechavarria's character, background, rehabilitative needs, and relevant mitigating factors when it sentenced him for aggravated assault and kidnapping. The trial court had a presentence investigation report ("PSI"), which it reviewed. N.T., 4/25/24, at 17. It is well settled that where a sentencing court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Ventura**, 975 A.2d at 1135. The court also noted that it reviewed the documents Hechavarria submitted, which included: a list of online classes he took while

incarcerated, a letter regarding his employment at the jail kitchen where he is a trusted and valued employee; and a letter from his counselor. N.T., 4/25/24, at 13, 17.

Additionally, counsel highlighted the mitigating factors for the court, including Hechavarria's work in the kitchen, his prior drug problem, his three children, and prior employment. *Id.* at 8. Hechavarria told the court that he participated in therapeutic and cognitive thinking programs while incarcerated. He also told the court about his: mental health issues, which stemmed from trauma in his life, alcoholism, education, employment after release, and remorse. *Id.* at 13-16. However, the trial court also received a statement from the victim explaining how this incident greatly affected her life and her family's, how she thought she would not escape the car alive, and that she hoped his sentence would help restore her peace of mind. *Id.* 2-3.

Based upon our review of this case, and the sentencing transcript, we conclude that the trial court considered all the relevant sentencing factors. However, the nature and gravity of the offenses and Hechavarria's need for rehabilitation and treatment weighed more heavily in the court's opinion. *See id.* at 19. On appeal, "[w]e cannot re-weigh the sentencing factors and impose our judgment in place of the sentencing court." *Macias*, 968 A.2d at 778.

Lastly, regarding Hechavarria's consecutive sentences for aggravated assault and kidnapping, this Court has long held that a sentencing court has broad discretion regarding whether a defendant serves sentences

consecutively or concurrently.  ***Commonwealth v. Zirkle***, 107 A.3d 127, 133 (Pa. Super. 2014).  Although this case involved a single incident and victim, a defendant convicted of multiple offenses is not entitled to a "volume discount." ***See Commonwealth v. Hoag***, 665 A.2d 1212, 1214 (Pa. 1995).

Based upon the foregoing, we discern no abuse of discretion in the trial court's sentence for Hechavarria's aggravated assault and kidnapping convictions.  His claims merit no relief.

In conclusion, we vacate Hechavarria's sentence for terroristic threats in the first case and remand for resentencing in accordance with the trial court's request.  We affirm Hechavarria's sentence in the second case for aggravated assault and kidnapping.

Judgment of sentence in 2022 CR 658 vacated in part and remanded with instructions; jurisdiction relinquished.  Judgment of sentence in 2023 CR 420 affirmed in part.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/21/2025